[Alabama Great Southern Ry. Co. v. Whorton.]

# Alabama Great Southern Ry. Co. *v.* Whorton.

## *Injury to Servant.*

(Decided December 18, 1913.   63 South. 1016.)

1. *Master and Servant; Injury to Servant; Unsafe Place.*—The fact that one side of a flat car on which employees were loading rails. was a little higher than the other side, and that the loading took place on the high side did not render the place where the employees were working, an unsafe place necessarily; hence, where there was no evidence that the track was defective, or that there was anything unusual in the ground where the accident occurred, defendant was entitled to have a verdict directed as to the count alleging negligence in failing to furnish a safe place to work, especially where the evidence for plaintiff demonstrated that he based his right of recovery on the insufficiency of the help furnished to load the car and not on the danger of the place where he was working.

2. *Same; Evidence; Sufficiency.*—The testimony of a witness that he guessed that plaintiff's hand was caught in a broken cuff on the side of the car, was not evidence that the broken cuff was the cause of the injury, especially where plaintiff himself testified that his hand was caught between the edge of the woodwork of the car and the rail they were loading.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Tom Whorton against the Alabama Great Southern Railroad Company for damages for injuries. received while in its employment.   Judgment for plaintiff, and defendant appeals.   Reversed and remanded.

The first count declares on negligence in failing to provide plaintiff with a reasonably safe place to perform the duties of his employment.   The second count. is based on the negligence of a person in the employment or service of defendant who had superintendence intrusted to him while in the exercise of such superintendence.   The third count avers that defendant negligently failed to provide a sufficient number of men to load said rails with reasonable safety, and that by reason thereof, and as a proximate consequence, one of

said rails fell and caught plaintiff's hand between the rail and the car, inflicting the injuries complained of. The other facts sufficiently appear from the opinion.

GOODHUE & BRINDLEY, for appellant. The safe place referred to in the complaint means the premises where the work is being done.—6 Words & Phrases, 5386; 71 Fed. 853; 66 N. Y. App. 105. The evidence failed to disclose any lack of safeness in the place provided, and the court should have directed a verdict for defendant as to that count of the complaint.

C. W. MOFFATT, and H. G. DAVIS, for appellee. Counsel insist that the count was good, and that the evidence amply sustained it to warrant a verdict, and that therefore, the court was not in error in declining to give defendant the affirmative charge as to said count.

DE GRAFFENRIED, J.—Tom Whorton, while loading some steel railroad rails on a flat car of the Alabama Great Southern Railroad Company, had his hand mashed; and he brought this suit to recover the damages which he suffered on that account. There was some evidence tending to show that ordinarily it takes ten men to load such rails on a flat car. The evidence showed that at the time of the injury there were not ten men engaged in that work; some of the evidence being that seven men were engaged in the work, while some of the other evidence tended to show that only five men were engaged in the work. The place where the injury occurred was upon the open right of way of the railroad company. The rails were lying by the side of the roadbed at a point where there is a curve in the track. This curve threw one side of the flat car up higher than the other side, and the evidence shows that

the loading took place on the high side of the car.    It is not claimed that the track was defective, or that there was anything unusual in the ground where the accident occurred.   The mere fact that one side of the car was somewhat higher than the other did not render the place where the plaintiff was stationed, when the rails were being loaded on the car, an unsafe place.   It is not claimed that the car was not firmly set, or that it was, in any way, in an unsteady position.   It may be that a flat car which is 4 feet high can be more easily loaded from the ground than one which is $5\frac{1}{2}$ feet high.   The higher the wagon, the more labor, as a general rule, is required to load that wagon, provided the wagon is being loaded by human hands with material taken from the ground.   This is but a matter of common knowledge, but that fact has nothing to do with the question of the safety of the place.   It has only to do with the question as to the number of people it will take to properly load the wagon.

We copy the following from the testimony of  the plaintiff, which shows that he understood  the situation as we have above expressed it:   "The rail was not high enough to clear the car, and we had to pitch it, and it slipped on my hand and injured it.   It took half my weight to throw the rail, and when we threw it, that threw me to the edge of the car.   We could not drop the rail at the time it caught me, and the rail was slipping. We told Mr. Lambert that we could not load the rails from here unless we had other men, but he said, 'Well, load them,' that is what he said.   I have been railroading for 25 years, working on the tracks.   Ten men are usually required to load rails of that kind.   Ten men are usually employed to load rails from the ground."

The quoted evidence we think clearly shows that the plaintiff himself based his right of recovery, not upon

the danger of the place where the injury occurred, but upon the insufficiency of the help to load the car at that place. There was, it is true, evidence tending to show that there was a broken cuff on the side of the car near the place of the plaintiff's injury, and a witness, Bean, testified that he "guessed" that the plaintiff's hand was caught in the broken cuff and injured. A "guess" is not testimony; and the plaintiff himself positively testified, not that his hand was caught in the broken cuff, but, to quote his language, "my hand was caught between the edge of the woodwork of the car and the rail." The broken cuff, therefore, had nothing to do with the injury, and its presence there had no causal connection with the injury. In fact, counsel for appellee, in their brief, we think practically concede the position which we have above assumed. On the subject under consideration, counsel for appellee, among other things, say: "Perhaps if more men had been engaged in the work, or different methods employed, this particular place would have been reasonably safe. But in this instance it could not be reasonably safe on account of the ground which made it necessary for the five men to raise this rail, weighing 600 pounds, 5½ feet or level with their faces, as testified by witness, to place it on board the car. Also, we call attention to the testimony of the witness Bean for the defendant, who testified that plaintiff's hand was caught on a broken cuff on the car and injured. This witness also testified that the car was on a curve, which, of course, would make one side of the car higher than the other." We have already quoted the testimony of the witness Bean as to his "guess" as to the cuff, and we think that we have demonstrated that the only ground of complaint on the part of the plaintiff, if any, is the insufficiency of the help, and not the unsafety of the place.

We have not deemed it necessary to cite authorities to sustain our conclusions, because there is no dispute as to the rules of law which have been invoked. The only question before us is whether a particular rule of law is applicable to the facts of the case.

In our opinion the defendant was entitled to affirmative instructions as to the count which we have above considered. The judgment of the trial court is therefore reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur.