# Alabama Fuel & Iron Co. *v.* Ward.

## *Injury to Servant.*

(Decided June 17, 1915. 69 South. 621.)

1. *Master and Servant; Injury to Servant; Complaint.*—Where the complaint averred that the plaintiff was the servant or employee of defendant, and while engaged in such service or employment in or about handling or assisting in the handling of certain heavy machinery, he was injured, it sufficiently averred that when plaintiff was injured he was in the discharge of his duties as an employee; the term "engaged in" as used in the complaint meaning actively engaged in or transacting or carrying on the work of employment, and the term "such service or employment" as used refers to the particular service which plaintiff was engaged to perform.

2. *Same; Instructing; Duty of Superintendent.*—Where the superintendent knew that the servant was inexperienced in handling, or assisting to handle, heavy machinery, the work in which he was engaged, the superintendent was under duty to instruct the servant as to the proper mode of working.

[Alabama Fuel & Iron Co. v. Ward.]

3. *Same; Pleading.*—The averment of the count of the complaint that all plaintiff's injuries were caused by the negligence of a certain person entrusted with superintendence over the work, and in the service of defendant, which negligence consisted in the failure of such person, knowing that plaintiff was inexperienced in the work, to instruct plaintiff and his co-workers as to the proper way and manner of working, was sufficient to charge the superintendent with the duty to instruct.

4. *Same; Evidence.*—The refusal of the court to permit the defendant to ask plaintiff whether he was not able, after the accident, to get to his lawyer's office to bring suit before he went to his doctor's office was proper; such query not being as to a material matter.

5. *Charge of Court; Oral Charge; Instruction.*—In construing the oral charge, it will be considered as a whole, and if correct when so considered, error will not be predicated on any consideration of detached portions.

6. *Damages; Earning Capacity; Evidence.*—The evidence considered and held insufficient to make possible a determination of plaintiff's future earning capacity with any reasonable degree of accuracy.

7. *Same.*—Where the future earning capacity of an injured servant cannot be determined with any degree of reasonable accuracy from the evidence, he cannot recover against his employer more than nominal damages on account of such decreased earning capacity.

8. *Master and Servant; Injury to Servant; Safe Place.*—Under the evidence in this case it was for the jury to determine whether the place where the servant was injured was sufficiently lighted, and, if not, whether the insufficiency of light proximately caused his injury.

9. *Same.*—It was for the jury to determine whether the employer had discharged his common law duty to furnish reasonably safe tools for the use of his servant, it appearing that such servant received injuries while moving heavy machinery, and that the superintendent had failed to secure the block and tackle to move the machinery, but was using improvised scantlings without rollers to pinch it along.

10. *Same.*—Under the evidence in this case whether the proximate legal cause of the crushing of plaintiff's foot by the machine was the negligence of the superintendent or of one or another of two individuals was a question to be determined by the jury.

11. *Same.*—Under the evidence in this case it was a question for the jury whether plaintiff's injury was proximately caused by the failure of the master to provide a reasonably safe place to work.

12. *Same; Instructions.*—In such a case an instruction that if plaintiff was injured by somebody pushing a tie under the piece of machinery which plaintiff was engaged in moving, down on plaintiff's foot, the verdict should be for defendant, was properly refused as pretermitting a finding of negligence on the part of the person who might have pushed the tie on plaintiff's foot, that this was the sole proximate cause of the injury, or even that it was the proximate cause.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by H. Ward against the Alabama Fuel & Iron Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals of Alabama under section 6, Act April 18, 1911 (Gen. Acts 1911, p. 449).

The following counts of the complaint were submitted to the jury: "The plaintiff claims of the defendant, a corporation, the sum of $10,000, as damages, for that heretofore, on, to-wit, the 8th day of January, 1914, plaintiff was a servant or employee of the defendant, and while engaged in such service or employment in and about handling, or assisting in the handling, of certain heavy machinery, at or near what is known as 'Margaret Mine,' in the state of Alabama, a heavy piece of said machinery fell upon the plaintiff's foot, crushing and bruising a bone or bones in his foot, cutting, bruising, lacerating, and otherwise injuring plaintiff's foot and other portions of his body; rendering plaintiff sick and sore; rendering him unable to perform his usual labor for a long period of time, whereby he lost money, permanently disabling plaintiff; causing him to suffer great physical pain and mental anguish; and rendering it necessary for plaintiff to expend large sums of money, for medical and surgical attention and medical treatment in and about attempting to heal and cure his said wounds and bruises.

"And plaintiff avers that all of his injuries and damages were proximately caused by the negligence of the defendant, which negligence consisted in this: The defendant negligently failed to provide the plaintiff with a reasonably safe place for him to perform the duties of his employment in.

"Count 2.   The plaintiff claims of the defendant, a corporation, the sum of $10,000 as damages, for that heretofore, on, to-wit, the 8th day of January, 1914, plaintiff was a servant or employee of the defendant, and while engaged in such service or employment, in and about handling, or assisting in the handling, of certain heavy machinery, at or near what is known as 'Margaret Mine,' in the state of Alabama, a heavy piece of said machinery fell upon the plaintiff's foot, crushing and bruising a bone or bones in his foot; cutting, bruising, lacerating, and otherwise injuring plaintiff's foot and other portions of his body; rendering plaintiff sick and sore; rendering him unable to perform his usual labor for a long period of time, whereby he lost money; permanently disabling plaintiff; causing him to suffer great physical pain and mental anguish; and rendering it necessary for plaintiff to spend money, and obligate himself to expend large sums of money, for medical and surgical attention and medical treatment in and about attempting to heal and cure his said wounds and bruises.

"And plaintiff avers that all of his injuries and damages were proximately caused by the negligence of the defendant, which negligence consisted in this:   The defendant negligently failed to provide the plaintiff with reasonably safe and suitable tools and appliances with which to perform the duties of his said work.

"Count 4. The plaintiff claims of the defendant, a corporation, the sum of $10,000 as damages, for that heretofore, on, to-wit, the 8th day of January, 1914, plaintiff was a servant or employee of the defendant, and while engaged in such service or employment, in and about handling, or assisting in the handling, of certain heavy machinery at or near what is known as 'Margaret Mine,' in the state of Alabama, a heavy piece of said machinery fell upon the plaintiff's foot, crushing and

bruising a bone in his foot, cutting, bruising, lacerating, and otherwise injuring plaintiff's foot and other portions of his body; rendering plaintiff sick and sore; rendering him unable to perform his usual labor for a long period of time, whereby he lost money; permanently disabling plaintiff; causing him to suffer great physical pain and mental anguish; and rendering it necessary for plaintiff to spend money, and obligate himself to expend large sums of money, for medical and surgical attention in and about attempting to heal and cure his said wounds and bruises.

"And plaintiff avers that all of his injuries and damages were proximately caused by the negligence of a certain person, whose name is unknown to plaintiff, which person had been intrusted with superintendence over the handling of said machinery, and which person was in the service or employment of the defendant, which negligence consisted in this: The said person, while in the exercise of said superintendence, knowing that plaintiff was inexperienced in the line of work in which he was then engaged, negligently failed to instruct plaintiff and his co-workers as to the proper way and manner of handling said heavy machinery.

"Count 7. The plaintiff claims of the defendant, a corporation, the sum of $10,000 as damages, for that heretofore, on, to-wit, the 8th day of January, 1914, plaintiff was a servant or employee of the defendant, and while engaged in such service or employment, in and about handling, or assisting in handling, of certain heavy machinery, at or near what is known as 'Margaret Mine,' in the state of Alabama, a heavy piece of said machinery fell upon the plaintiff's foot, crushing and brusing a bone or bones in his foot, cutting, bruising, lacerating, and otherwise injuring plaintiff's foot and other portions of his body; rendering plaintiff sick and

sore; rendering him unable to perform his usual labor for a long period of time, whereby he lost money; permanently disabling plaintiff; causing him to suffer great physical pain and mental anguish, and rendering it necessary for plaintiff to spend money, and obligate himself to expend large sums of money, for medical and surgical attention and medical attention in and about attempting to heal and cure his said wounds and bruises.

"And plaintiff avers that all of his said injuries and damages were proximately caused by the negligence of one Eaues, a person who had superintendence intrusted to him by the defendant, and who was in the service or employment of the defendant, which negligence consisted in this: The said Eaues, while in the exercise of such superintendence, negligently caused or allowed said heavy piece of machinery to fall upon the plaintiff's foot.

"Count 8. The plaintiff claims of the defendant, a corporation, the sum of $10,000 as damages, for that heretofore, on, to-wit, the 8th day of January, 1914, plaintiff was a servant, agent, or employee of the defendant, and while engaged in such service or employment, in and about handling, or assisting in handling, certain heavy machinery at or near what is known as 'Margaret Mine,' in the state of Alabama, a heavy piece of said machinery fell upon the plaintiff's foot, crushing and bruising a bone or bones in his foot, cutting, bruising, lacerating, and otherwise injuring plaintiff's foot and other portion of his body; rendering plaintiff sick and sore, and rendering him unable to perform his usual labor for a long period of time, whereby he lost money; permanently disabling plaintiff, and causing him to suffer great physical pain and mental anguish; and rendering it necessary for plaintiff to spend money, and obligate himself to expend large sums of money, for medical

and surgical attention and medicine in and about attempting to heal and cure his said injuries and damages.

"And plaintiff avers that all his said injuries and damages were proximately caused by the negligence of one Eaues, a person who had superintendence intrusted to him by the defendant, and who was in the service or employment of the defendant, which negligence consisted in this: The said Eaues, while in the exercise of said superintendence, negligently caused or allowed said work to be carried on without the use of proper tools and appliances."

The following excerpts of the oral charge are pointed out by assignments of error 8:

"Well, they say that they failed to provide him with safe instruments to work with, that in pinching this thing along, whatever the evidence shows it was, that instead of using a pinch bar, he used a piece of scantling; if you are reasonably satisfied from the evidence in that regard that that was done, why, he might recover on that account, provided you find that that was an unsafe implement to work with.

"(9) It is the duty of defendant company where a person enters their employ and says he is not acquainted with the character of work to be done, to instruct him.

"(10) Plaintiff claims in one count that they negligently failed in that respect; says that they are wanting in due care in that particular. If you can say that that was the proximate cause of his injury, there can be a recovery under the count that sets up that fact of the case."

The following charges were refused to defendant: (C) General affirmative charge; (F) affirmative charge as to the second count; (G) affirmative charge as to the first count.

[Alabama Fuel & Iron Co. v. Ward.]

STOKELY, SCRIVNER & DOMINICK, for appellant.

BURGIN, JENKINS & BROWN, for appellee.

THOMAS, J.—The suit was brought for alleged personal injuries received by appellee while in the employment of appellant.

Counts 5 and 6 were withdrawn. Appellant's demurrer to counts 1, 2, 4, 7, and 8 was overruled, and this ruling is assigned as error.

(1) The first and second assignments of error challenge the sufficiency of the complaint, for the failure to aver that when the plaintiff was injured he was in the discharge of his duties under his employment by the defendant. The averment was that: "The plaintiff was the servant or employee of the defendant, and while engaged in such service or employment in or about handling, or assisting in the handling, of certain heavy machinery," etc.

The words, "engaged in," as used in each count of the complaint, mean, "actively engaged in," "employed at," or "transacting or carrying on," the work or business or service for which he was employed by the defendant.— 15 Cyc. 1048; 3 Words and Phrases, 2392. The words, "Such service or employment," as used in the complaint refer to the particular service or employment which the plaintiff was engaged by the defendant to perform, or to assist in performing, to-wit, the handling of certain heavy machinery which the defendant was moving and re-setting in or at its plant or works. The words of the count, "in or about the handling or assisting in handling of certain heavy machinery," etc., must be referred to, and are explanatory of, the employment in which the plaintiff, as a "servant or agent of the defendant," was actively engaged when he received his alleged injuries.

Each count of the complaint thus sufficiently avers that at the time of the alleged injury the plaintiff was acting within the line and scope of his employment. The case of *St. Louis & San Francisco Railroad Co. v. Sutton,* 169 Ala. 389, 401, 55 South. 989, Ann. Cas. 1912B, 366, the authority relied on by appellant, supports this view.

(2, 3) The third assignment of error is that the fourth count of the complaint is defective in failing to aver that the superintendent was in the exercise of his superintendence, and that he knew that the plaintiff and his co-workers were inexperienced. That part of the count so challenged is: "And plaintiff avers that all his injuries and damages were proximately caused by the negligence of a certain person whose name is unknown to plaintiff, which person had been intrusted with superintendence over the handling of said machinery and which person was in the service or employment of the defendant, which negligence consisted in this: The said person, while in the exercise of said superintendence, knowing that plaintiff was inexperienced in the line of work in which he was then engaged, negligently failed to instruct plaintiff and his co-workers as to the proper way and manner of handling said heavy machinery."

The averment, then, was that a person whose name was unknown to plaintiff had superintendence over the handling of certain heavy machinery for defendant, and who, in the line of his employment by defendant, knew that plaintiff was inexperienced in the kind of work in which he was engaged, to-wit, the work "in and about" the "handling, or assisting in the handling, of certain heavy machinery;" and that this superintendent in charge, having such knowledge, negligently failed to instruct the plaintiff and his co-workers as to the proper manner and way of handling said heavy machinery. This was a sufficient averment to put upon the person having

this superintendence the duty to instruct. The proper discharge of this duty by the superintendent would have armed the plaintiff and his co-workers with the necessary information of the safe and proper way to handle the machinery. The duty to plaintiff being shown, a general averment of its breach is sufficient.—*Smith v. Watkins, et al.*, 172 Ala. 502, 55 South. 611. In *Louisville & Nashville Railroad Co. v. Wilson*, 162 Ala. 588, 50 South. 188, this court said: "When the master is not actually informed of the servant's ignorance, the chief. consideration which should put him upon inquiry is the age of the applicant. * * * We have no doubt that this statement is peculiarly applicable in respect to the proof of knowledge when the fact has been averred, for it is only natural justice to require a master who knows of, or is put upon notice of, facts relating to capacity of his servants to do the work required of them to warn and instruct him if there is danger incident to the doing of the work."—*Crowley v. Appleton*, 148 Mass. 98, 18 N. E. 675; 1 Labatt on Master and Servant, 547; *St. Louis & S. F. R. Co. v. Brantley*, 168 Ala. 579, 53 South. 305; *Jones v. T. C. I. & R. Co.*, 163 Ala. 266, 50 South. 1017; *L. & N. R. R. Co. v. Wilson, supra.*

There was no error in overruling the demurrers to the fourth, seventh, and eighth counts of the complaint.

(4) The only ruling on the admission of evidence urged as error was the court's refusal to allow defendant to propound to plaintiff's witness the question: "I will ask you if you weren't able to get to the lawyer's office to bring suit before you went to Dr. Sellers' office?"

It was not a material inquiry whether the plaintiff was able to go to one place before he was able to go to another. He had a right to go to his lawyer's office before he went to the doctor's office, if he wished. He

may have done this, and still have been injured to the extent he claimed.

(5) In construing the oral charge, it must be considered as a whole; the court will not be put in error by consideration of detached portions of the charge.—*B. R. L. & P. Co. v. Drennen,* 175 Ala. 338, 348, 57 South. 876, Ann. Cas. 1914C, 1037; *Williams v. State,* 83 Ala. 68, 3 South. 743; *Johnson v. State,* 81 Ala. 41, 1 South. 573; *O'Donnell v. Rodiger,* 76 Ala. 222, 52 Am. Rep. 322; *McNeill v. State,* 102 Ala. 121, 126, 15 South. 352, 48 Am. St. Rep. 17; *L. & N. R. R. Co. v. Orr,* 94 Ala. 602, 10 South. 167; *M. & E. R. R. Co. v. Stewart,* 91 Ala. 421, 427, 8 South. 708; 7 Mayf. Dig. 131. When the portions excepted to are considered with the whole charge, in the case in hand, there was no error as sought to be pointed out by the eighth, ninth and tenth assignments of error.

(6, 7) The several counts of the complaint claim damages for injuries "rendering him unable to perform his manual labor for a long period of time, whereby he lost money, permanently disabling plaintiff and causing him to suffer great physical pain and mental anguish," etc.

The evidence in the case at bar was that plaintiff, when injured, was receiving $2.50 per day, that his regular trade was that of a carpenter, and that he had not been able to follow the trade since the accident in January, 1914, to the date of the trial, which was the 25th day of May of that year; that he had worked a little in April, but had to give up the job because of his injury—he could not climb on buildings, etc., like a carpenter has to climb, on account of his foot being stiff from this injury—that the only work he had done since the injury was in April, for which he was paid $2.50 per day; that he had followed the carpenter trade for 15 years before the injury.

The doctor attending the plaintiff testified that the whole bone of the foot was crushed; that the condition of the foot at the time of the trial was an "enlargement of the bone, locking up the joint," and limiting the up and down motion of the foot; that in his opinion the plaintiff's foot was permanently injured; and that his injury "would impede the power of walking about permanently."

The charge requested in writing by the defendant, and refused, was in these words: "(A) The court charges the jury, that if you believe the evidence in this case, in the event you find for the plaintiff, you cannot award him more than nominal damages for decreased earning capacity, on account of his alleged injuries."

Among the cases in which this question was considered is that of *Birmingham Railway, Light & Power Co. v. Colbert,* 190 Ala. 229, 67 South. 513, wherein the plaintiff claimed damages for that his "health and physical stamina were greatly and permanently impaired" in consequence of the injury, and also for that because of the injury he was rendered for a long time unable to work and earn money; and wherein the court distinguished between the claim for "loss of time," made under the allegation that "for a long time he was unable to work and earn money," and the claim for his "diminished or decreased earning capacity," because his health and physical stamina were greatly and permanently impaired." It was there held that a charge like that requested in this case should have been given. So, in *Birmingham Railway, Light & Power Company v. Friedman,* 187 Ala. 562, 65 South. 939, where it was averred that in consequence of the injuries described, plaintiff "has been, and will in the future be, rendered less able to earn a livelihood and perform her usual avocation," the charge in question was held proper.—*Sloss-Sheffield Steel & Iron Co. v.*

*Stewart,* 172 Ala. 516, 55 South. 785; *Manistee v. Hobdy,* 165 Ala. 411, 51 South. 871, 138 Am. St. Rep. 73.

The evidence did not furnish sufficient data upon which the plaintiff's future earning capacity could be determined with reasonable accuracy. He was therefore entitled to recover no more than nominal damages for his decreased earning capacity; and, for the failure to give charge A, the judgment must be reversed and the cause remanded.

If the question involved in this reversal were a new one, the writer confesses that he could not consent to the decision.

(8) Under the thirteenth assignment of error it is urged that the affirmative charge should have been given. The first insistence is that there was no evidence to support the count charging a breach of the common-law duty to use due care to furnish the plaintiff a reasonably safe place in which to work. The defendant's duty required it to have the place lighted sufficiently to enable plaintiff and his co-workers to prosecute the duties of their employment with reasonable safety. The plaintiff testified to the insufficiency of the light to enable him to see what he was doing, and that at the time of the accident the lights were out. The defendant's testimony was that it had discharged this duty by providing electric current and lights. It was therefore a question for the jury to say whether the place was sufficiently lighted and, if not, whether the insufficiency of the light proximately caused plaintiff's injuries.

The two cases cited by appellant are not in point. In *Alabama Great Southern Railroad Co. v. Whorton,* 184 Ala. 439, 63 South. 1016, the evidence showed that the plaintiff based his right of recovery on the insufficiency of the help furnished to load the car, and not on the danger of the place where he was working, and in *Sloss-*

*Sheffield Steel & Iron Co. v. White,* 187 Ala. 605, 65 South. 999, the place was peculiarly of the making of plaintiff's intestate, or his coemployee in improperly driving headings in a coal mine, which was held not to constitute an unsafe place within the common-law doctrine of master and servant. In *White's Case,* the plaintiff and his co-workers made the condition; in the case before us, the plaintiff and his co-workers were executing the master's will, with its machinery and appliances, in the way and at the place directed and provided by the master (defendant).

(9) The failure of the superintendent to procure a block and tackle to move the machinery and the use of improvised scantlings to "pinch" the machinery along without rollers were questions for the jury, to say whether the defendant had discharged its common-law duty to furnish reasonably safe and suitable tools and appliances.

(10-12) There was no error in refusing charges C, F, and G.

It is contended the averment that the superintendent negligently failed to instruct the plaintiff and his co-workers as to the manner of handling or moving the heavy machinery charged two acts of negligence, and that the proof went no further than to show the failure to instruct plaintiff. The evidence is to the point that the work was being carried on in the manner prescribed by the superintendent—with improvised wooden pinch bars and without rollers, and without block and tackle. The witness Pierce testified that it was improper to do the work without rollers; that at first they tried to get the block and tackle with which to move the machinery and, failing in this, fashioned the wooden scantlings into improvised pinch bars, instead of providing and using iron pinch bars. It was a single act of negligence

charged—the failure to instruct the whole crew of workers, including plaintiff, as to the proper way of doing the work in hand. The averment is met by the proof. The plaintiff informed Pierce, who was superintending at the time, of his inexperience, and Pierce was present and actively engaged with Eaues, in the work, at the time of plaintiff's injury. It was then, a question for the jury to infer that Pierce was a superintendent, and was in the exercise of his superintendence, at the time of the injury. The plaintiff testified that there were several bosses in charge of the work, and, according to his testimony and that of Pierce himself, plaintiff had been placed under the charge and supervision of Pierce. The defendant insisted on the general affirmative charge as to those counts which charged negligence to Eaues, as superintendent, in negligently allowing the work to be carried on without the proper tools and appliances. The question was for the jury, on all the evidence, including that of Pierce, that rollers should have been used in the work of removing the heavy machinery, and on the testimony of the plaintiff that rollers were not used. The jury had the right to refer the injury to the defendant's negligence in this regard. It was also open to the jury to find that the wooden scantlings were improper, unsafe, or unsuitable for the purpose for which they were being used at the time of the accident, and that this negligence proximately caused the alleged injuries. The question properly propounded to the jury, under the pleadings and the proof was, Was the proximate legal cause of the injury the negligence of the superintendent, whether Eaues or Pierce.

There was no error in the refusal of the affirmative charges as to the several counts.

(13) The tenth assignment of error is based on the refusal of the court to give the charge: "If the jury

believe from the evidence that plaintiff was injured by
somebody pushing the tie under the piece of machinery
which the plaintiff was engaged in pinching down on
plaintiff's foot, you should return a verdict for the de-
fendant," requested by defendant.  This charge does
not require the finding of negligence on the part of the
person who might have pushed the tie on plaintiff's
foot, or that this was the sole proximate cause of the
injury, or even that it was the proximate cause.  Some
one may have pushed the tie under the piece of machin-
ery which plaintiff was engaged in pinching down, yet
the jury might find from the evidence and under the
law the proximate cause of the injury to the plaintiff
to have been either of the acts of negligence charged in
the several counts of the complaint.  The question of
liability, in the respects charged by the several counts,
was for the jury, and there was no error in refusing the
several charges assigned as error.

The judgment of the lower court is reversed, and the
cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ.,
concur.