# Birmingham Ry. L. & P. Co. *v.* Simpson.

## *Injury to Passenger.*

(Decided November 7, 1914.   Rehearing denied December 17, 1914.
67 South. 385.)

*Damages; Jury Question; Failure of Proof.*—Where the action was for personal injuries, and it appeared that until plaintiff recovered or partially recovered from such injuries, his business was conducted by his brother, but there was no evidence that his business suffered during his temporary absence, or that it cost him anything to maintain its usual level of earnings, and no evidence of the value, on a wage basis, of the services he might have rendered,. had he not been injured, it was error to submit to the jury the question of damages for his loss of time.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by J. A. Simpson against the Birmingham Railway, Light & Power Company, for damages for personal injury. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, FRANK M. DOMINICK, and T. T. HUEY, for appellant.

FRANK S. WHITE & SONS, and MATHEWS & MATHEWS, for appellee.

SAYRE, J.—We need not repeat the statement as to the general nature of this case which may be found in the report of a former appeal.—177 Ala. 475, 59 South. 213.

It was submitted to the jury to award plaintiff damages for time lost from his business by reason of his injuries. Plaintiff was a small retail dealer in coal, grain, and feedstuff. After his recovery—or partial re-

covery—he went back to his business, which in the meantime had been conducted by his brother, with reduced physical capacity to meet its demands upon him. It was held on the former appeal, citing authorities, that damage to plaintiff's earning capacity was not to be admeasured exclusively by the kind of work he was doing at the time of his injury, or by the amount of compensation he was then receiving, and that evidence of his experience and earning capacity in various kinds of work he had done was relevant, as going to show the extent to which plaintiff's earning capacity had been impaired. It is always more or less a speculation whether the permanent or future temporary loss of capacity will bring to the plaintiff in a case of this character any pecuniary loss which otherwise he would not have suffered, or how much, if any; but such damages are allowed and assessed as a necessary measure of approximate justice. If plaintiff has been cut off from one avenue of earning, he may resort to another, and, as a relief to defendant, by way of minimizing damages, he may be required to do so, if he reasonably can. Hence the relevancy of the evidence considered on the former appeal as affecting the measure of recovery for loss of earning capacity. Now, however, the question is different. It concerns, not plaintiff's right to compensation for impaired future capacity, which, it may be assumed, the jury estimated in their assessment of damages, but the pecuniary loss he may have already suffered by reason of his inability to attend to his usual business during a certain limited time already past. There was no evidence that plaintiff's business had suffered during his temporary absence, or that it cost him aught to maintain its usual level of earnings, or the value, on a wage basis, of the services he might have

rendered had he not been injured; in short, there was no evidence that he had suffered pecuniary loss by reason of his absence from his business. In this state of the case it was harmful error on the part of the court to give the jury to understand that they might assess damages against defendant on account of lost time.— Sutherland on Damages (3 Ed.), § 1246.

We have found no other reversible error in the record. Other assignments of error present no questions of interest or merit, and need no special statement. For the error indicated the judgment is reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, DE GRAFFENREID, and GARDNER, JJ., concur.