(94 South. 287)

## ANDERSON v. BRADLEY. (6 Div. 716.)

(Supreme Court of Alabama. Oct. 26, 1922.)

Trial ⬯253(8) — Instruction that automobile driver was negligent in driving on street car track held reversible error, as ignoring plaintiff's theory of evidence.

In an action for damages to an automobile struck in the rear by a street car, where plaintiff's witnesses testified that the automobile was proceeding on the right of the street, that the driver slowed up and signaled his intention to stop at a street crossing, and that, after hearing the car whistle when about a quarter of a block away, he tried to clear the way, but that, before he could do so, the automobile was struck while nearly at a standstill with the rear end near the track and the front pointed toward the curb, the court committed reversible error in charging that it was plaintiff's duty "before, attempting to cross [the] track," to look for approaching cars from a position where he could see up and down the track for a reasonable distance and that he was negligent "in driving on said track" without first looking for approaching cars, the latter part being a peremptory instruction which ignored plaintiff's theory of the evidence.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action by R. G. Anderson against Lee C. Bradley, as receiver of Birmingham Railway, Light & Power Company. From a judgment for defendant, plaintiff appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The automobile of the plaintiff was struck by a street car of the defendant, on a public street in the city of Birmingham. Plaintiff's witnesses testified that the automobile was proceeding on the right of the street and of the street railway tracks; that the driver of the automobile slowed up and held out his hand as a signal that he intended to stop at a street crossing; that the automobile was nearly at a standstill, with the rear end thereof very near the street car track, the front end pointed slightly toward the curbing; that an approaching street car blew its whistle when about one-fourth of a block from the automobile; that the driver of the automobile made an effort to clear the way, but that before he could do so the car struck him.

Evidence for the defendant was to the effect that the driver of the automobile was on the left side of the street, and that the impact occurred when the automobile drew ahead of the street car and undertook to cross to the right of the street in front of the car, and without warning of his intention.

The trial court gave the following charge at the request of the defendant:

"3. The court charges you that it is plaintiff's duty, before attempting to cross defendant's street car track, to look for cars approaching on said track, and to look from a position where he could see up and down said track for a reasonable distance, and the court further charges you that the plaintiff was guilty of negligence in driving on said track without first looking for approaching cars."

Ellis & Matthews, of Birmingham, for appellant.

An instruction withdrawing from the jury any evidence, however weak, tending to establish material facts, is error. 139 Ala. 489, 37 South. 166; 140 Ala. 312, 37 South. 289; 158 Ala. 381, 48 South. 93; 114 Ala. 377, 22 South. 431, 62 Am. St. Rep. 105; 3 Ala. App. 456, 57 South. 146.

Tillman, Bradley & Baldwin, of Birmingham, for appellee.

The giving of charge 3 at defendant's request was not error.

ANDERSON, C. J. The trial court committed reversible error in giving charge 3 at the request of the defendant. The latter part of same was a peremptory instruction that plaintiff was guilty of negligence in driving on the track without first looking for approaching cars, and ignores plaintiff's theory of the evidence, and invades the province of the jury. In the first place, the jury could have inferred that while the plaintiff's car was near enough to the track to be struck by the car, he had not actually driven on or across the track; second, according to one theory of the evidence, the plaintiff was driving down the street parallel with the car track, and the back of the automobile was struck by the approaching car, which the plaintiff had heard, and was endeavoring to clear the danger zone when struck. If the jury believed this version 'of the evidence, it was not the imperative duty of the plaintiff to keep a lookout to his rear for approaching cars, and he was not, as matter of law, guilty of negligence.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.