(114 So. 139)

### GRAY v. COOPER.　(6 Div. 851.)

Supreme Court of Alabama.　June 30, 1927.

Rehearing Denied Oct. 27, 1927.

**1. Municipal corporations ⊜⟹706(1)—Count, alleging defendant negligently operated automobile on street, causing injuries to pedestrian, held not subject to demurrer.**

Count of complaint, in action for injuries, alleging defendant negligently operated automobile on certain street, and that same was run on or against plaintiff, causing injuries, *held* not subject to demurrer interposed thereto.

**2. Damages ⊜⟹208(3)—Evidence as to permanent injuries resulting to plaintiff struck by automobile on street held for jury.**

In action for injuries to pedestrian, alleged to have resulted when struck by automobile at or near street intersection, evidence as to permanent injuries resulting to plaintiff *held* sufficient for jury.

**3. Damages ⊜⟹208(4)—Evidence as to damages for loss of time from business due to injury when struck by automobile on street held insufficient for jury.**

In action for damages resulting from injuries alleged to have been sustained when struck by automobile on street, evidence as to damages for loss of time from business or occupation *held* insufficient for jury.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for damages for personal injuries by Roy M. Cooper against Vernon Gray. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Count 1 of the complaint is as follows:

Plaintiff claims of the defendant the sum of, to wit, twenty-five thousand dollars ($25,000.00) as damages, for that, heretofore, on to wit, the 11th day of November, 1925, the defendant so negligently operated an automobile on one of the public streets or avenues of the city of Birmingham, Ala., to wit, Avenue D at or near its intersection with Twentieth street that the same was run upon or against plaintiff, and as a proximate consequence thereof plaintiff's back was badly wrenched and sprained and bruised, his body was greatly bruised, he received three cuts on his right hand, and he was caused to suffer great physical and mental pain and anguish, and his nervous system was greatly impaired and shocked, and was permanently impaired and shocked, and he was caused to incur expense in and about curing and healing his said injuries, and he was caused to lose time from his work. And plaintiff avers that he suffered said injuries and consequent damages as a proximate consequence of the aforesaid negligence of the defendant.

The demurrer is as follows:

(1) For that it does not state facts sufficient to constitute a cause of action against this defendant.

(2) For that negligence is therein alleged merely as a conclusion of the pleader.

(3) For that it is vague, indefinite, and uncertain in that it does not apprise this defendant with sufficient certainty against what act or acts of negligence the defendant is called on to defend.

(4) For that it does not appear with sufficient certainty what duty, if any, the defendant may have owed to the plaintiff.

(5) For that it does not appear with sufficient certainty wherein defendant violated any duty the defendant may have owed to the plaintiff.

(6) For that it does not sufficiently appear that the defendant owed any duty to the plaintiff which the defendant negligently failed to perform.

(7) For that the averments set up, if true, do not show any liability on the part of the defendant herein.

(8) For that the pleader sets out in what said alleged negligence consisted, and the facts so set out do not show negligence.

(9) For that there does not appear sufficient causal connection between defendant's said alleged breach of duty and plaintiff's injuries and damages.

Charges A and C, refused to defendant, are as follows:

A. I charge you that, if you believe the evidence, you cannot award the plaintiff any damages for any permanent injury.

C. If you believe the evidence, you cannot award the plaintiff more than nominal damages for permanent decreased earning capacity.

It appears that about 7 o'clock on the evening of November 11, 1925, the plaintiff was walking along the west sidewalk of Twentieth street, south, in Birmingham, crossing the intersection of Avenue D, and at that time and place came into collision with an automobile, traveling east on Avenue D, which was being driven by the defendant. Defendant's contention was that plaintiff walked into the front fender of the car, unseen by defendant until after the collision; that his lights were burning. Plaintiff contended that he was walking south on Twentieth street and was struck on the intersection of Avenue D by defendant's car, which was being driven without lights at the moment of the collision, and that no signal or warning was given him. The trial was had October 6, 1926.

On the question of permanent injury, plaintiff testified:

"When I was struck I was knocked down. He hit me on the back first and that is what knocked me down. He hit me * * * just over my right hip. * * * It hurt my back there and cut my hand. * * * I got that hand dressed there (in a drug store). * * * They called an ambulance and sent me to the hospital. * * * I have had doctors treat me since that. I have had an X-ray made of my spinal column, made by Dr. Edmondson here. I have had a doctor prescribe a plaster cast for me to wear. I have got that on now. It reaches all over my body; all the way around here.

I have never been well since that accident happened. I am still injured. Before this happened I weighed 164 the morning of Armistice Day. I weigh 132 now. * * * I have not been able to work since then. I have been under the treatment and care of doctors ever since that time, and still am, as a result of these injuries. I was sound and healthy at the time this accident happened. * * * I stayed at the * * * hospital four hours and fifteen minutes. After that I went home; the ambulance carried me home. I stayed at home two or three days, something like that. I didn't go back to work then. I walked down town on two sticks. · I have never been back to work. I haven't been able to. * * * I put this plaster cast on that I am wearing, this last week."

There was verdict for plaintiff for $2,250, and judgment accordingly. Defendant moved for a new trial, which was denied. Defendant appeals.

J. P. Mudd and L. D. Gardner, Jr., both of Birmingham, for appellant.

The complaint should allege facts giving rise to a duty to use care owing by defendant to plaintiff, and should allege facts negativing the inference that defendant was a trespasser. T. C. I. Co. v. Smith, 171 Ala. 251, 55 So. 170; Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Sloss Co. v. Weir, 179 Ala. 227, 60 So. 851; Ensley R. Co. v. Chewning, 93 Ala. 24, 9 So. 458; G. & A. U. R. Co. v. Julian, 133 Ala. 371, 32 So. 135; Rice v. Southern R. Co., 175 Ala. 69, 56 So. 587. The evidence of permanent injury was insufficient to predicate an award of damages therefor. Norwood v. Jones, 214 Ala. 314, 107 So. 858; Illinois, etc., Co. v. Weber, 196 Ill. 526, 63 N. E. 1008. To recover more than nominal damages for permanent decreased earning capacity, plaintiff must furnish data upon which the plaintiff's future earning capacity can be determined with reasonable accuracy. The jury should not be permitted to speculate upon the amount of damages for permanent decreased earning capacity. Ala. F. & I. Co. v. Ward, 194 Ala. 242, 69 So. 621; B. R. L. & P. v. Colbert, 190 Ala. 229, 67 So. 513; Manistee Mill Co. v. Hobdy, 165 Ala. 411, 51 So. 871, 138 Am. St. Rep. 73; Hines v. Wimbish, 204 Ala. 350, 85 So. 765; Seaboard Mfg. Co. v. Woodson, 98 Ala. 378, 11 So. 733; B. R. L. & P. Co. v. Harden, 156 Ala. 244, 47 So. 327; Sloss Co. v. Stewart, 172 Ala. 516, 55 So. 785. Loss of time from work, without more, does not imply any damage. B. R. L. & P. Co. v. Simpson, 190 Ala. 138, 67 So. 385; B. R. L. & P. Co. v. Colbert, supra; Montgomery & E. R. Co. v. Mallette, 92 Ala. 209, 9 So. 363.

Altman, Taylor & Koenig, of Birmingham, for appellee.

Where a fact omitted from the complaint is indisputably proven, overruling a demurrer to the complaint on that ground is rendered innocuous. B. S. R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339. Where an injured person fails to introduce some evidence as to permanent injuries and as to earning capacity, he may recover nominal damages. A. G. S. v. Taylor, 196 Ala. 37, 71 So. 676; B. R. L. & P. Co. v. Bush, 175 Ala. 49, 56 So. 731; Sloss Co. v. Stewart, 172 Ala. 516, 55 So. 785; B. R. L. & P. Co. v. Harden, 156 Ala. 244, 47 So. 327. The permanence of an injury may be inferred from the time it has continued. 4 Sutherland on Damages (4th Ed.) 474; Macon R. Co. v. Streyer, 123 Ga. 279, 51 S. E. 342; Southern R. Co. v. Clariday, 124 Ga. 958, 53 S. E. 461. Where there is evidence to support plaintiff's cause of action, the question is for the jury. Southern States F. I. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Allen v. Fincher, 187 Ala. 599, 65 So. 946.

THOMAS, J. [1] The trial was had on the simple negligence count and pleas of the general issue, and contributory negligence. Count one was not subject to demurrer directed thereto. Tillery v. Walker, ante, p. 676, 114 So. 137.

[2] The subject of permanent injuries under the required pleading and evidence was the subject of recent discussion in Birmingham Electric Co. v. Cleveland (Ala. Sup.) 113 So. 403,[1] and we have no desire to depart therefrom. The reasonable inferences from the evidence prevented the affirmative instruction requested. And there was no error in refusing charges, which we indicate as A and C.

[3] Refused charge B, as follows: "If you believe the evidence, you cannot award the plaintiff more than nominal damages for loss of time from his business or occupation due to his injury"—should have been given. The fact that plaintiff testified that he conducted the business as a furniture dealer; was the "only employee in the concern"; his duties required him to handle furniture; that he had not been able to go back to work; and indicated the time or duration of his absence, was not a compliance with the requirement for specific data on which to rest damages causing him to "lose time from his work," as declared for in the complaint.

In M. & E. Ry. Co. v. Mallette, 92 Ala. 209, 9 So. 363, it was said:

"There was no evidence in the case as to any pecuniary loss resulting to the plaintiff from inability to pursue his avocations in consequence of the injury complained of * * * non constat, but that during this period, and notwithstanding his disability, he received fully as much as he would have done had he not been disabled at all."

This rule has been adhered to by this court in B. R. L. & P. Co. v. Simpson, 190 Ala. 138, 67 So. 385; B. R. L. & P. Co. v. Colbert, 190 Ala. 229, 67 So. 513.

[1] Ante, p. 455.

The case was one for the jury on the issues of fact. It is unnecessary to advert to the motion, since there was error in refusing charge B.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

