(118 So. 276)

**MACKINTOSH CO. v. WELLS. (6 Div. 893.)**

Supreme Court of Alabama. June 28, 1928.

Rehearing Denied Oct. 25, 1928.

262

Martin, Thompson, Foster & Turner, of Birmingham, for appellee.

J. P. Mudd and L. D. Gardner, Jr., both of Birmingham, for appellant.

THOMAS, J. The assignments of error are properly grouped and argued, Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839; Sovereign Camp W. O. W. v. Craft, 210 Ala. 683, 99 So. 167; Moore v. First Nat. Bank of Birmingham, 211 Ala. 367, 100 So. 349, 34 A. L. R. 526, and will be so considered by this court.

The trial was had on counts 1 and 2; the wanton count was withdrawn. The negligent failure averred in the respective counts was as to a reasonably safe place to work and a reasonably safe machine for those who were required or invited to be upon or about it in the discharge of the duties of his employment or the purview of the express or implied invitation.

Plaintiff, an inspector, engaged in construction work on a street in Birmingham,

was injured, and sued. He was engaged in the performance of his duty as paving inspector for the city, and being required to know the contents of the mixture that was being applied to said street, inspected the same and found it not of a proper mixture. To investigate the cause and remedy that defect, the plaintiff went to defendant's concrete mixer to have the man in charge properly regulate the contents as discharged upon the street. When plaintiff leaned over to look into the drum of said mixer, his clothing was caught by the lugs on the revolving shaft's end, causing the serious injuries of which complaint is made.

■ It cannot be successfully maintained that plaintiff was a bare licensee (A. G. S. R. Co. v. Cummings, 211 Ala. 381, 100 So. 553, 33 A. L. R. 439), but was an invitee (Alabama By-Products Corp. v. Crosby [Ala. Sup.] 115 So. 31[1]). If plaintiff was rightfully at or upon the machine by express or implied invitation, under the pleading, the question presented is: Did defendant fail to exercise reasonable care in providing a reasonably safe place or machine at and with which plaintiff was to discharge his respective duties to the city on the one hand and the operating contractor on the other?

■ The evidence is without conflict that the paving inspector, when injured, was in the discharge of his duty as an invitee, and as to him the contractor must have exercised and employed the reasonable care, skill, and means of an ordinarily prudent person so engaged—for the contemplated use and purpose of the express or implied invitation—as to avoid personal injury to such invitee. Alabama By-Products Corp. v. Crosby, supra; Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73; Southern Ry. Co. v. Bates, 194 Ala. 78, 69 So. 131, L. R. A. 1916A, 510; Alabama S. & W. Co. v. Clements, 146 Ala. 259, 40 So. 971; Sloss I. & S. Co. v. Tilson, 141 Ala. 152, 37 So. 427; Bennett v. L. & N. R. Co., 102 U. S. 577, 580, 26 L. Ed. 235.

Counts 1 and 2, as last amended, contained, respectively, the averments of fact showing, among others, the relation of the party and the duty in the premises, as follows:

" 'And plaintiff avers that it was the duty of the defendant at said time and place to exercise reasonable care and skill in providing plaintiff a reasonably safe place to do his said work.' "

" 'And plaintiff avers that it was the duty of the defendant at said time and place to exercise reasonable care and skill in providing that said machine was reasonably safe for persons whose business or work required them to be at and about said machine, and plaintiff avers that defendant negligently failed to perform the said duty, and as a proximate consequence thereof plaintiff received his said injuries and damage.' "

■■ Negligence may be charged in general terms if the facts averred show the duty owed by defendant to do or not to do the thing complained of as the proximate cause. Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Ala. Fuel & Iron Co. v. Ward, 194 Ala. 242, 251, 69 So. 621. The demurrers to said counts were properly overruled. The counts sufficiently averred the negligent failure of the defendant—a lack of ordinary prudence, or the exercise of reasonable care to provide plaintiff with a reasonably safe place to work, or a reasonably safe machine with which to discharge his duty to the contractor and the city, with a due regard for his own safety and within the purpose for which he was invited to be at or near said concrete mixer. Jackson v. Vaughn, 204 Ala. 544, 86 So. 469; Coosa, etc., Co. v. Crankfield, 202 Ala. 369, 80 So. 451; Munson S. S. Line v. Harrison, 200 Ala. 504, 76 So. 446; Wilson v. Gulf States S. Co., 194 Ala. 311, 316, 69 So. 921; Sloss-Sheffield S. & I. Co. v. Triplett, 177 Ala. 258, 58 So. 108; Smith v. Watkins, 172 Ala. 502, 55 So. 611. It is insisted by appellant that the inspector was not an invitee. However, the case of Doullut & Williams v. Hoffman, 204 Ala. 33, 37, 86 So. 73, contains the declaration that an independent contractor owes employee of the principal, rightfully on the premises for the purpose of inspection, the duty of ordinary care to avoid inflicting injuries; there the inspector, by reason of his duties, was upon a pile driver in operation, when injured.

[5] We are now brought to defendant's special plea of contributory negligence. In contributory negligence, the essentials are that the party, against whom the plea is interposed, not only (1) had knowledge of the condition or failure, yet (2) appreciated the danger under the surrounding conditions and circumstances and did not (3) exercise reasonable care in the premises, but with such knowledge and appreciation put himself into the way of danger. Morgan v. M. & O. R. Co., 202 Ala. 461, 80 So. 845; L. & N. R. Co. v. Naugher, 203 Ala. 557, 560, 84 So. 262; Jones v. Ripley Stave Co., 203 Ala. 60, 82 So. 20; Labatt's Master and Servant, § 332. In McGeever v. O'Byrne, 203 Ala. 266, 269, 82 So. 508, 511, the following observation is made:

"The phrase 'assumption of risk' is, however, sometimes loosely applied to cases where there was no contractual relation between the plaintiff and the defendant, but that use of the phrase 'must be confined to cases where the plaintiff knew and appreciated the danger and voluntarily put himself in the way of it.' Warren v. Boston, etc., R. Co., 163 Mass. 488, 40 N. E. 897; Gentzkow v. Portland R. Co., 54 Or. 114, 102 Pac. 614, 135 Am. St. Rep. 821. So 'as the practical equivalent of the term "contributory negligence" one frequently finds in the cases the expression "assumption of risk." It is said that one who knows and appreciates a danger "assumes the risk" thereof.' 20 R. C. L. 109, § 95.

---

[1] 217 Ala. 144.

264

"Practically there can be no serious objection to these uses of the phrase, and 'it is often a question of little importance whether a given plea be called one of assumption of risk or a plea of contributory negligence. The more important inquiry is: Are the facts stated in the plea a defense to the cause or causes of action stated in the complaint or declaration?' King v. Woodward Iron Co., 177 Ala. 487, 500, 59 So. 264, 269."

■ The instant plea was that of contributory negligence, and the mere knowledge of the offending instrumentality or condition does not constitute contributory negligence; there must have been an appreciation or consciousness of the danger that may result from the act or the failure thereof causing and resulting in the injury. Dobbins v. W. U. Tel. Co., 163 Ala. 222, 50 So. 919, 136 Am. St. Rep. 69; Elyton Land Co. v. Mingea, 89 Ala. 521, 7 So. 666; City Council of Montg. v. Wright, 72 Ala. 411, 47 Am. Rep. 422; Osborne v. Ala. S. & W. Co., 135 Ala. 571, 33 So. 687.

The several postulates on which was rested the fact of contributory negligence in the case of Sloss-Sheffield S. & I. Co. v. Reid, 191 Ala. 628, 68 So. 136, are not all reproduced in this case. It is true, the plaintiff was (1) experienced in handling such a machine, (2) well acquainted with this one, (3) knew its condition, (4) that its crank shaft had been exposed, conditioned as it was, (5) knew that he would probably be injured if his clothing came in contact therewith as it was rapidly revolved. However, in this case the plaintiff, in the discharge of his duty as inspector, (6) was required to come in close contact thereto to inspect the mixture in the drum of that machine; (7) in some unknown manner his clothing was caught by such exposed and rapidly revolving shaft and its lugs, (8) or in an unguarded moment, and not in "utter disregard of an obvious and imminent danger," plaintiff's clothing was caught. Kyzer v. Kaul Lbr. Co., 200 Ala. 570, 76 So. 928; Robinson Min. Co. v. Swiney, 206 Ala. 617, 91 So. 476; Republic I. & S. Co. v. Smith, 204 Ala. 607, 86 So. 908. The question of knowledge of the manner in which the machine was placed upon the street, or how it stood thereon with its declivity, or with reference to the place of work, and that of knowledge of the *position of the lugs in the shaft* as it was being swiftly revolved in the operation and process of mixing, and the actual appreciation, at the moment, vel non of danger in its location and condition, as affecting ordinary care and prudence exacted, were questions about which reasonably prudent men, similarly situated, may differ. All that is exacted of the plaintiff at the moment when he went to the machine in discharge of his duties was due and reasonable care in the premises, which is usually a relative term. Brown & Flowers v. Central of Ga., 197 Ala. 71, 72 So. 366.

■ The mixer had theretofore been operated with a shield, and the plaintiff had been to and about the machine in its condition and operation as that causing his injury. Defendant's cross-examination of plaintiff elicited the statement of fact that he did not consider at all with reference to its danger as located and operated. The several photographs of the machine were in evidence; its location on the street and with reference to the ditch or place to be filled were before the jury. The burden of the special plea was upon defendant. The question is one of law for the court only when the facts are such that all reasonable men must draw the same conclusion therefrom, and for the jury when, under the facts and circumstances, reasonable minds may fairly differ upon the question of negligence vel non. Ruffin C. & T. Co. v. Rich, 214 Ala. 622, 626, 108 So. 600; Vaughn v. Dwight Mfg. Co., 206 Ala. 552, 91 So. 77. That issue of contributory negligence was for the jury. Penticost v. Massey, 201 Ala. 261, 77 So. 675; McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; Brown v. Mobile Elec. Co., 207 Ala. 61, 91 So. 802. And affirmative instructions requested thereon were properly refused.

■ The physical injuries of plaintiff were grievous and extended to a loss or injury of the several members of his body, specifically described in the complaint, and for which permanent injury damages were claimed. The question of nominal damages for permanent injuries and decreased earning capacity, under the required pleading and evidence, was given extended consideration in B. E. Co. v. Cleveland, 216 Ala. 455, 113 So. 403, and was adhered to in Gray v. Cooper, 216 Ala. 684, 114 So. 139. All the decisions to the contrary cited by appellant (see Seaboard Mfg. Co. v. Woodson, 98 Ala. 379, 11 So. 733; B. R. L. & P. Co. v. Colbert, 190 Ala. 229, 67 So. 513; Ala. F. & I. Co. v. Ward, 194 Ala. 242, 69 So. 621; Manistee Mill Co. v. Hobdy, 165 Ala. 411, 51 So. 871, 138 Am. St. Rep. 73; Hines, Dir. Gen., v. Wimbish, 204 Ala. 350[1]) were distinguished, modified, or overruled by the decision in Birmingham Elec. Co. v. Cleveland, supra. The distinction between such damages and that for the specific loss for time from work, business, or occupation, and the necessary proof of same, is contained in M. & E. Ry. Co. v. Mallette, 92 Ala. 209, 9 So. 363; B. R. L. & P. v. Colbert, 190 Ala. 229, 67 So. 513; B. R. L. & P. Co. v. Simpson, 190 Ala. 138, 67 So. 385. There was no reversible error in the refusal of such charges, Nos. D–10 and 3, requested by defendant. The fact that the evidence shows that plaintiff was, at the time of the trial, holding and discharging for the city the same position (at the same salary) as inspector, held by him to the time of his injury, does not make inapplicable the rule announced in the Cleveland Case. The permanent injuries of plaintiff are

---

[1] 85 So. 765.

catalogued in his pleadings and evidence as follows:

"Plaintiff's right hand was cut off, his left hand hurt, and one finger was cut from his left hand. Plaintiff's legs were seriously and permanently injured, * * * was permanently injured and rendered less able to work and earn money, and was compelled to spend large sums of money for doctors and medical service, hospital bills, and nurses in and about treating his said injuries."

And the allowance of damages for permanent decreased earning capacity as the result of such physical dismemberment and injury without specific evidence of loss or decreased income or salary, before or at the time of the trial, is not a mere speculation. Birmingham Elec. Co. v. Cleveland, 216 Ala. 455, 113 So. 403.

 The claim for lost time from work or business must be supported by the evidence and specific data given on which to rest recovery for such element of damage. Gray v. Cooper, 216 Ala. 684, 114 So. 139. On this point there is no conflict in the evidence: It is shown that plaintiff was earning $125 per month when injured, was confined to his home or bed seven weeks, and lost three months from work. However, the evidence fails to show that as a city official he did not receive his salary for such lost time. There was error under this evidence and the pleading, in refusing charges of like import to C–12, 14, 15, C–10, C–6, and C–8. The burden was upon plaintiff in such action and claim to show his damage from loss of time, and unless there was evidence that such loss of time resulted in the pecuniary damage in question there could not be recovery for such element of damage. M. & E. R. Co. v. Mallette, 92 Ala. 209, 9 So. 363; B. R. L. & P. Co. v. Simpson, 190 Ala. 138, 67 So. 385; Gray v. Cooper, 216 Ala. 684, 114 So. 139. The evidence is specific and uncontradicted as to this item of salary —$125 per month and for three months was $375—and remittitur may be entered by plaintiff in 30 days for such amount and reversal for refusal to give such charges obviated; otherwise, the judgment will be reversed for such refusal to instruct the jury.

 There was no error in the refusal of defendant's charge 6. The effect of the testimony of Dr. Moore, considered as a whole, is that the respective expenditures by plaintiff for physician and hospital charges were reasonable and usual for such services rendered. There was no objection to this shorthand rendition of facts and opinion evidence rested thereupon, that the physician stated the scars on plaintiff's forehead would cause or should cause some pain. There was no error in refusing charges C–11, C–13, and C–14.

 The overruling of defendant's motion or repleader was without error. There is no field of operation in this case for the rule as to motion for judgment. The issues of law and fact were properly drawn and tried, and due submission of controverted material issues given the jury, and were decided conformable to the pleading. The cases of repleader or non obstante veredicto have no application. Shippey v. Eastwood, 9 Ala. 198; Mudge v. Treat, 57 Ala. 1; Chapman v. Holding, 60 Ala. 522; Ex parte Pearce, 80 Ala. 195; Barton v. Charter Gas Eng. Co., 154 Ala. 275, 45 So. 213; Hopkins v. Duggar, 204 Ala. 626, 628, 87 So. 103; Helms v. Griffith, 17 Ala. App. 122, 82 So. 570;[1] s. c., Ex parte Griffith, 209 Ala. 158, 95 So. 551.

The statement as to a remittitur is contained in Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665. If, within 30 days, plaintiff enters a remittitur of $375 on the records of this court, the judgment for the balance of $7,625, with interest from date of the judgment below, but without the statutory penalty of 10 per centum, will be affirmed. Otherwise, the verdict and judgment will be set aside and the case remanded for another trial.

Affirmed conditionally.

The majority—SAYRE, SOMERVILLE, GARDNER, BOULDIN, and BROWN, JJ.—concur in that there was no error in refusing affirmative instruction requested, believing the question of contributory negligence was for the jury. ANDERSON, C. J., dissents (on this point), believing affirmative instructions requested by defendant on contributory negligence of plaintiff should have been given.

[1] Opinion withdrawn. For substituted opinion, see 19 Ala. App. 1, 95 So. 548.