(122 So. 316)

BIRMINGHAM ELECTRIC CO. v. BAKER. (6 Div. 218.)

Supreme Court of Alabama. May 9, 1929.

Bradley, Baldwin, All & White, of Birmingham, for appellant.

Jacobs & Carmack, of Birmingham, for appellee.

ANDERSON, C. J. ■ It is, of course, well settled by the decisions of this court that negligence may be charged in general terms; but, when the pleader also attempts to set out the quo modo, the facts so set out must constitute negligence. We think, however, that count 2 in the present complaint does not attempt to set up the quo modo, or the facts or circumstances constituting negligence; that is, the condition or circumstances under which the defendant's servant caused the car to collide with the plaintiff's automobile. It, in effect, merely charges that the said servant wantonly caused the car to collide with the automobile, the equivalent of charging that the car was run upon or against the automobile, and the trial court did not err in overruling the demurrer to said count 2 of the complaint.

The count in the case of Jackson v. Vaughn, 204 Ala. 543, 86 So. 469, is unlike count 2 in the present case. There the pleader, after charging negligence in general terms, further charged that the act or omission was "under such circumstances as that he knew that his conduct would likely or probably cause great personal injury to some one," and the court properly held that, as the pleader predicated the willful or wanton injury as dependent upon the circumstances existing, the facts or details showing the circumstances should have been set out.

■■ There was no error in refusing the defendant's requested charge made the basis of the first assignment of error, and which said charge is therein set out. It is an affirmative instruction that the plaintiff was guilty of negligence on the "occasion complained of," and this was a question for the jury, even if the charge could not have been refused for other reasons.

The plaintiff's evidence shows that the car line was a part of the street; that said street was narrow, and, in backing his car from his home or starting point, he went over or upon the track, but before doing so looked and discovered no near approaching car. It is true, that he did not, after getting in the street and on the car line, after his automobile stopped and he was attempting to go forward, look behind for an approaching car, but he was not, as matter of law, guilty of negligence in this respect, as one who travels a street owes no duty, as matter of law, to keep a lookout to his rear for approaching vehicles, as he has a right to assume that those to his rear will not run into him and will at least give him warning of their approach. Anderson v. Bradley, 208 Ala. 302, 94 So. 287. The cases cited and relied upon by counsel are not to the contrary.

■ There was no error in refusing the defendant's requested charge incorporated in assignment of error 4. It is an affirmative instruction that plaintiff was not entitled to recover anything for the time lost from his work. The evidence shows that plaintiff had been disabled for several months, that at the time of the injury and just prior thereto he had been working at his trade, and that his pay was regulated, to some extent, by the hours he worked, and the evidence also shows his approximate earnings. It is argued, however, that there was no evidence to negative the fact that his compensation was not paid him notwithstanding his absence therefrom for a period of several months. We think the nature of his employment and the method of measuring his compensation were of such a character as to exclude a reasonable infer-

ence that he was paid what he could have earned during his disability or absence, and that the burden of negativing this fact was not upon him as was the case in the authorities cited and relied upon by appellant's counsel.

In the case of Montgomery R. R. v. Mallette, 92 Ala. 209, 9 So. 363, the plaintiff had a fixed salary as manager of a corporation and it was not shown that said salary was not paid during his absence. A condition quite different from the one in hand, where the plaintiff had no fixed or invariable salary, but his compensation was regulated by the number of hours he worked and stopped when he stopped work.

In the case of Birmingham Ry. Light & Power Co. v. Simpson, 190 Ala. 138, 67 So. 385, the plaintiff was a retailer in coal and there was no proof that his business had suffered owing to his absence.

In the case of Mackintosh Co. v. Wells (Ala. Sup.) 118 So. 276,[1] the plaintiff was a city official at a fixed salary, and there was nothing to show that his salary was not paid for the three months he was disabled.

In the case of Gray v. Cooper, 216 Ala. 684, 114 So. 139, there was no data from which it could be ascertained as to the plaintiff's damages for lost service. He seems to have been conducting the business as a furniture dealer and there was nothing to show what his services were worth.

We are not prepared to put the trial court in error for overruling the motion for a new trial, because the verdict was excessive. True the plaintiff did not suffer the loss of a limb or any broken bones, yet the proof shows that he suffered a severe shock, was laid up for weeks and unable to work for several months, and was at the time of the trial suffering from the shock or concussion. He also showed damages to his automobile, and the jury could have also assessed punitive damages, for, according to the plaintiff's evidence, they could have well found the defendant's motorman guilty of wanton misconduct.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, THOMAS, and FOSTER, JJ., concur.

