This is an appeal from a judgment following a directed verdict in favor of defendant, E.H. Marquis. Plaintiff-appellant, Herman Marquis, contends that the trial court erred by directing a verdict for the defendant on plaintiff's negligence and wantonness counts. We agree and reverse the grant of directed verdict as to both counts of plaintiff's complaint.
Plaintiff and defendant are brothers. In January 1983, plaintiff, at the request of the defendant, assisted defendant in cutting firewood on defendant's land. Defendant cut a large tree with his chainsaw, but the tree became lodged on top of a smaller tree, so that it would not fall completely to the ground. The defendant's chainsaw became stuck as he attempted to saw the smaller tree, and the defendant requested that the plaintiff come to his aid. The plaintiff was asked by the defendant to saw the small tree, which was now bent as a result of the force exerted by the larger tree upon it, at a point above the place where the defendant's saw was bound. The plaintiff cut the tree as requested by the defendant, but before the plaintiff was able to cut completely through the tree the trunk split, striking the plaintiff and severely injuring his leg.
The plaintiff filed an action against the defendant, alleging that the defendant negligently or wantonly caused the tree to fall on the plaintiff. At the end of the plaintiff's case, the trial court directed a verdict against the plaintiff on both counts of plaintiff's complaint, finding that due to the openness and obviousness of the dangerous condition which caused the plaintiff's injuries, there was no breach of duty by the defendant. The plaintiff's motion for judgment notwithstanding the verdict or new trial was denied.
Although this case presents a close question, we think the trial court erred by directing a verdict for the defendant on the negligence and wantonness counts under the facts of the instant case.
At the outset, we note that our standard of review is the same standard as that applied by the trial court in passing on the motion for directed verdict. As stated in Kingsberry HomesCorporation v. Ralston, 285 Ala. 600 at 605, 235 So.2d 371 at 375 (1970):
 We have held in numerous civil cases that "the question must go to the jury if the evidence furnishes a scintilla in support of [plaintiff's] theory"; and in considering the propriety of refusing the affirmative charge for defendant, we will review those tendencies of the evidence most favorable to plaintiff, regardless of any view we might have as to the weight of the evidence, and must allow such reasonable inferences as the jury was free to draw, not inferences which we might think to be the more probable. *Page 1215 Orange v. Shannon, 284 Ala. 202, 224 So.2d 236
(1969).
More recently, this Court said:
 In cases involving questions of actionable negligence, this standard has often been translated to read as follows:
 [W]here from the facts shown by the evidence, although undisputed, reasonable men might draw different conclusions as to negligence or contributory negligence, such questions are for the jury, and it is only when the facts are such that all reasonable men must draw the same conclusion that negligence or contributory negligence is ever a question of law for the Court.
Quillen v. Quillen, 388 So.2d 985, 987-88 (Ala. 1980) (citations omitted). We opine that the evidence at the trial of the instant case was such that reasonable persons could draw different conclusions as to the defendant's negligence or plaintiff's contributory negligence and, therefore, that the question of open and obvious danger was one for the jury. SeeEx parte Bennett, 426 So.2d 832 (Ala. 1983).
One essential element to be proven by a plaintiff in every negligence action is the breach of a duty owed by the defendant to the plaintiff. Bryant v. Morley, 406 So.2d 394 (Ala. 1981). We find, as did the trial court, that the plaintiff had invitee status while on the defendant's property the day of the incident. The record reflects that the plaintiff was on the defendant's land at the express invitation of the defendant and that the plaintiff's presence was of material commercial benefit to the defendant in his business endeavor of selling firewood. This is sufficient to give rise to invitee status.See Osborn v. Brown, 361 So.2d 82 (Ala. 1978); Nelson v.Gatlin, 288 Ala. 151, 258 So.2d 730 (1972). As an invitee, the plaintiff was owed a duty by the landowner-defendant to use reasonable care to keep the premises in a reasonably safe condition for the contemplated uses within the scope of the invitation and to warn of dangers of which he knew or should have known and which were not known to the plaintiff. Lamson Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388 (1937).
In Lamson Sessions, supra, the Court recognized, however, that this duty is limited:
 The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.
 Accord, McRee v. Woodward Iron Co., 279 Ala. 88, 182 So.2d 209 (1966); Claybrooke v. Bently, 260 Ala. 678, 72 So.2d 412 (1954).
Lamson Sessions Bolt Co., 234 Ala. at 63, 173 So. at 391. Whether we speak in terms of the duty owed by the defendant or of contributory negligence of the plaintiff, the plaintiff cannot recover for negligence or wantonness if the plaintiff's injury was caused by an open and obvious danger of which the plaintiff knew, or should have been aware. However, not only must the plaintiff have knowledge of the dangerous condition, but the plaintiff also must have a conscious appreciation of the danger posed by the visible condition at the moment the incident occurred. Owens v. National Security of Alabama, Inc.,454 So.2d 1387 (Ala. 1984); Furgerson v. Dresser Industries,Inc., 438 So.2d 732 (Ala. 1983); Elba Wood Products, Inc. v.Brackin, 356 So.2d 119 (Ala. 1978); Kingsberry Homes Corp. v.Ralston, supra. The Court in F.W. Woolworth Co. v. Bradbury,273 Ala. 392, 140 So.2d 824 (1962), and again in KingsberryHomes, supra, reaffirmed that "we have long been committed to the proposition that the plaintiff's appreciation of the *Page 1216 
danger is, almost always, a question of fact for the determination of the jury." 273 Ala. at 394,140 So.2d at 825-26.
In the case at hand, we think that the record reflects at least a scintilla of evidence that the plaintiff did not appreciate the danger posed by the cutting of the tree at the time he was directed to do so and that this presented at least a reasonable inference for the jury to consider. Plaintiff testified that he believed the defendant was somehow pinned by the tree and that he approached the tree in an excited state to help the defendant. The plaintiff also testified that he was not aware that he himself was in any danger. The defendant testified that he was aware that the situation was dangerous and that he told the plaintiff that cutting the tree was dangerous and that the plaintiff should be careful. The record reflects that the plaintiff had cut timber in the past, but that his primary duties had been to trim branches from fallen trees rather than felling trees. From this evidence, the jury could have found that the plaintiff did not perceive the danger and that the defendant breached his duty to warn the plaintiff of the danger. The question of whether the plaintiff should have recognized the danger became one for the jury, and the trial court erred by directing a verdict for the defendant.
Defendant relies upon our decision in Quillen v. Quillen,388 So.2d 985 (Ala. 1980), for his contention that the directed verdict in the present case was properly granted by the trial court. In Quillen, this Court affirmed the granting of a directed verdict in favor of the defendant when the trial court determined as a matter of law that an aluminum ladder leaning against a metal gutter constituted an open and obvious danger equally apparent to defendant and to plaintiff and one which the plaintiff should have recognized in the exercise of reasonable care. We reaffirm Quillen on its facts and distinguish it from the present case by noting that in Quillen
there was no testimony that defendant knew of the dangerous condition and, more importantly, no testimony that the plaintiff was unaware of the condition at the time of the incident. In addition, the evidence in Quillen reflected that the plaintiff had extensive experience in the installation of television aerials, the very task he was performing when injured. Simply stated, unlike the evidence in Quillen, the evidence put forth in the present case meets the scintilla test and, therefore, should go to the jury as to the questions of negligence and contributory negligence.
We are also of the opinion that the evidence is sufficient to satisfy the scintilla test on the wantonness count. The Court in Myers v. Evans, 287 Ala. 710, 713, 255 So.2d 581, 583
(1971), observed:
 Wantonness has been defined as the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. . . . [Citations omitted.]
In the instant case, the defendant testified that he had knowledge of the danger posed by the situation. If the jury were to believe this testimony and that the defendant failed to warn the plaintiff, then the jury could find an omission of a duty of the defendant and that the defendant was conscious that injury to the plaintiff was likely or probable. The trial court erred by directing a verdict for the defendant on the wantonness count.
We therefore reverse the judgment of the trial court and remand this case for a new trial.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and HOUSTON, JJ., concur.
TORBERT, C.J., dissents. *Page 1217