This appeal is from a judgment entered on a jury verdict awarding the plaintiff $33,400 in an action for personal injuries and property damage. Walter Suggs was injured and his bus was destroyed, apparently when the relief valves on two propane gas tanks inside the bus discharged and the escaping gas caught fire. He brought this action against Empiregas, Inc., of Belle Mina, which, he alleged, had overfilled the tanks. Empiregas appeals, arguing that Suggs was contributorily negligent as a matter of law, that he did not prove the amount of the damage to his bus, and that he did not prove that the gas tank had been filled by Empiregas.
Suggs had installed living facilities in the bus, including beds, kitchen facilities, and so forth. At the back of the bus he had a gas heater fueled by two propane tanks on a platform or porch he had attached to the back of the bus. On the day of the fire, December 27, 1985, he had two tanks on the back porch and two inside the back door. He drove the bus to a flea market that he operated in Lacon, Alabama, to meet a vendor who needed to set up a stall for the market the following day. While he was waiting, another vendor, James Johnson, arrived and asked Suggs to help him set up his stall.
As Suggs was leaving the bus to help Johnson, he turned on a small electric space heater at the front of the bus. While he and Johnson were inside the flea market building, they heard an explosion. They ran outside and saw smoke coming out of the bus. They used a hoe to remove the propane tanks from the back porch and the inside of the bus. While Suggs was pulling one of the tanks out through the back door of the bus, it turned over and splashed burning gas on his face and hands.
The apparent cause of the fire was that the two tanks inside the bus had warmed up, causing the gas in them to expand and force open the relief valves on the tanks. The president of Empiregas testified that it would take a temperature of 115 or 120 degrees or more to cause a relief valve on a properly filled tank to release. Suggs's expert witness testified that it would take 160 degrees or more to release a relief valve on a properly filled tank. He estimated that the tank that caused Suggs's burns had been filled 95-97% full instead of the proper amount of 80-85% full. In such a full tank, the expert said, a temperature rise of only a few degrees would cause the pressure to rise enough to open the relief valve.
Empiregas contends that Suggs was contributorily negligent in not removing the tanks from the inside of the bus. It bases its argument principally on the following testimony by Suggs:
 "Q. Once you get down there, though, what do you do with the two on the inside?
"A. Take them out and set them on the porch.
"Q. Why do you do that?
 "A. Well, you turn the gas heater on in there, and you know, it's going to get hot. You don't want the tanks in there so you set them out.
 "Q. So you knew when it gets hot that you are not supposed to have those tanks inside your bus?
"A. Right.
 "Q. Now, I believe . . . you testified a little earlier that you normally go ahead and set them out, but you just forgot to do it this time?
 "A. Well, I really didn't forget it. I didn't think of it. I just turned the heater on there, the little electric heater, and went out.
 "Q. But if you had thought about it a little more, you might have put them out before you turned on that electric heater?
"A. Yes, yes." *Page 273 
This evidence is not sufficient to hold Suggs contributorily negligent as a matter of law.
 "In order to sustain a finding of contributory negligence as a matter of law, there must be a finding that the plaintiff put himself in danger's way, Mackintosh Co. v. Wells, 218 Ala. 260, 118 So. 276 (1928), and a finding that the plaintiff appreciated the danger confronted, Wilson v. Alabama Power Co., 495 So.2d 48 (Ala. 1986); Marquis v. Marquis, 480 So.2d 1213 (Ala. 1985); Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 (1972); Mackintosh v. Wells, supra. Moreover, it must be demonstrated that the plaintiff's appreciation of the danger was a conscious appreciation at the moment the incident occurred. Marquis v. Marquis, supra; Elba Wood Products, Inc. v. Brackin [356 So.2d 119 (Ala. 1978)] supra. Mere 'heedlessness' is insufficient to warrant a finding of contributory negligence as a matter of law. Decatur Light, Power Fuel Co. v. Newsom, 179 Ala. 127, 59 So. 615 (1912)."
Central Alabama Electric Coop. v. Tapley, 546 So.2d 371, 381
(Ala. 1989).
Suggs's testimony showed only that he ordinarily would have removed the two tanks from the trailer and that he was aware of a danger of leaving the two tanks inside if he turned the gas heater on. The tanks were sitting right next to the gas heater, though, and the small electric space heater that he turned on was at the other end of the bus. The last question and answer quoted above show only that, in retrospect, Suggs would have taken the tanks out if he had thought about doing so upon turning on the electric heater. That a party who has been injured says he would act differently next time, so as to prevent the injuries, does not conclusively establish his negligence in not having the foresight to prevent the injuries on the first occasion and certainly does not show "a conscious appreciation [of the danger] at the moment the incident occurred." Tapley.
Empiregas also attempted to prove that Suggs had violated regulations regarding the handling and storage of propane gas. That evidence, however, did not establish his contributory negligence, for two reasons: the regulations are distributed only to suppliers of the gas, such as Empiregas, not to consumers, and there was no evidence that Suggs knew of them; and Suggs's expert witness testified that his keeping the tanks inside the bus did not violate the regulations.
Thus, we cannot overturn the trial court's ruling that the evidence presented a question of fact as to whether Suggs was contributorily negligent.
Empiregas next argues that Suggs did not prove the amount of his damages resulting from the loss of the bus and that, therefore, the trial court erred in submitting to the jury the issue of damages for loss of personal property. Empiregas citesHunt v. Ward, 262 Ala. 379, 79 So.2d 20 (1955), and Shacklefordv. Brumley, 437 So.2d 1044 (Ala.Civ.App. 1983), for the rule that, generally, the measure of damages for the total loss of a vehicle is the market value immediately before the accident less the salvage value afterward. That rule is not a limitation on the availability of recovery, however; rather, it is the principal manner of determining the amount of such a recovery, to be applied " 'subject to the primary and basic principle that it is the purpose of the law to fairly compensate the injured for the wrong committed.' " Alford v. Jones,531 So.2d 659, 660-61 (Ala. 1988), quoting Hannah v. Brown,400 So.2d 410 (Ala.Civ.App. 1981).
Suggs testified as follows regarding the value of the bus:
 "Q. Mr. Suggs, do you have an opinion as to the value of that bus as you had fixed it up and placed the furniture on there at the time of the fire on that day, December the 27th of 1985?
"A. The value of the bus?
"Q. Yes, sir.
 "A. Well, I'll tell you that just four weeks before it burned up — four or five weeks, a man offered me four or five thousand dollars in cash for it, and I *Page 274 
wouldn't take it. I had more than that in it.
". . . .
 "Q. All right, sir. How much did you sell the bus to Mr. Smith for [after the fire]?
"A. Six hundred dollars."
This evidence was sufficient for the jury to find a value of $5000 before the fire and $600 after. We see no error in submitting the question to the jury.
The final argument by Empiregas is that the trial court erred in denying its motion for directed verdict on the ground that no proof had been offered that the gas tanks that caused the fire had been filled by Empiregas. In its response to Suggs's requests for admissions, Empiregas had admitted that it had sold propane gas to Suggs on or about December 27, 1985. Although those admissions were never introduced into evidence and Suggs did not testify that he had bought the gas from Empiregas, his expert witness was allowed to testify without objection that Suggs had said he had bought the gas at Empiregas.
When the attorney for Empiregas argued to the jury that Suggs had not testified that he had bought the gas from Empiregas, Suggs's attorney objected to what he called a mischaracterization of the evidence and, after the court overruled the objection, moved to reopen his case. The court responded, "I will charge the jury on the issues in the case." The court charged the jury that Empiregas had admitted selling gas to Suggs.
Any matter admitted pursuant to Rule 36, Ala.R.Civ.P., "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Rule 36(b). Such admissions are a sufficient basis upon which to enter summary judgment. Evans v. Insurance Co. of North America,349 So.2d 1099 (Ala. 1977). The court properly treated the admission in this case as establishing the fact that Empiregas sold the gas to Suggs and as eliminating the need for proof thereof. Elimination of the need for proof of undisputed facts is the very purpose of Rule 36. Evans, supra; Committee Comments, Rule 36.
There being no reversible error presented, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.