The plaintiff appeals from a judgment based on a directed verdict in favor of the *Page 350 
defendant. The issue is whether the plaintiff was contributorily negligent as a matter of law.
Jerry Smith was employed by Brown Oil Company. As part of Smith's duties, he would drive a fuel truck to a particular construction site and fill the fuel tanks of the heavy equipment vehicles at the site. Smith was at a construction site owned by U.S. Construction Company, Inc., when he was injured.
Smith arrived at the construction site and drove his fuel truck around the site looking for vehicles that needed fuel. Smith saw a vehicle and motioned for the driver to stop the vehicle in order for Smith to put fuel in the tank. This particular vehicle was a "pan," a large tractor used to move dirt. Smith climbed up the back of the vehicle's right tire to where the gas tank was located. Smith claimed that he saw the driver standing outside the vehicle when he began to fill the tank. As Smith was filling the tank, the driver started to drive away; Smith was thrown from the back of the vehicle and was injured.
Smith sued U.S. Construction Company, alleging negligence. U.S. Construction Company denied negligence and asserted the affirmative defense of contributory negligence.
At trial, Smith testified that he had delivered fuel to this particular construction site before and that usually the vehicles that needed fuel would be parked in one area, unoccupied, with the engines turned off. Smith claimed that when the vehicles were in one area, unoccupied, with the engines off, there was no danger that a driver would start a vehicle and then the vehicle move while he was filling the fuel tank. Smith testified that he had talked to U.S. Construction Company's foreman concerning fueling the vehicles in one area, unoccupied, with the engines turned off. Smith testified that the foreman refused to have all the vehicles in one area, because it would take too much time and that he said Smith would have to go wherever the vehicles were located in order to fill the tanks. Smith stated that at the time of the accident, he did not see the driver get back inside the vehicle while he was filling the tank.
On cross-examination Smith testified that he knew it was dangerous to fill the gas tank in this type of vehicle when the vehicle was occupied and the engine was on. Smith admitted that he had complained to the foreman about how dangerous it was to fuel the tanks in this manner. Smith stated that he knew that "something like this" could happen. Smith stated that he did not know that the driver was in the vehicle while he was fueling the tank.
At the conclusion of the evidence presented by Smith, U.S. Construction Company made an oral motion for a directed verdict pursuant to Rule 50(a), A.R.Civ.P. Specifically, U.S. Construction Company argued that Smith knew of the danger involved in filling the fuel tanks in this manner and, therefore, that Smith was contributorily negligent in causing his injuries. The trial court granted U.S. Construction Company's motion for directed verdict.
A ruling on a motion for a directed verdict is not within the trial court's discretionary function, and such a ruling is subject to de novo review on appeal. King Mines Resort,Inc. v. Malachi Mining Minerals, Inc., 518 So.2d 714
(Ala. 1987). A motion for a directed verdict tests the sufficiency of the evidence. Id.
" 'Under our system, the jury must be allowed to pass on the evidence if any, no matter how slight, is offered which, if believed, would support a verdict in favor of the party against whom a directed verdict is sought.' " King MinesResort, 518 So.2d at 715.
 " 'In order to sustain a finding of contributory negligence as a matter of law, there must be a finding that the plaintiff put himself in danger's way, Mackintosh Co. v. Wells, 218 Ala. 260, 118 So. 276 (1928), and a finding that the plaintiff appreciated the danger confronted, Wilson v. Alabama Power Co., 495 So.2d 48
(Ala. 1986); Marquis v. Marquis, 480 So.2d 1213 (Ala. 1985); Baptist Medical Center v. Byars, 289 Ala. 713, *Page 351 271 So.2d 847 (1972); Mackintosh v. Wells, supra. Moreover, it must be demonstrated that the plaintiff's appreciation of the danger was a conscious appreciation at the moment the incident occurred. Marquis v. Marquis, supra; Elba Wood Prod., Inc. v. Brackin, [356 So.2d 119 (Ala. 1978)]. Mere 'heedlessness' is insufficient to warrant a finding of contributory negligence as a matter of law. Decatur Light, Power Fuel Co. v. Newsom, 179 Ala. 127, 59 So. 615 (1912).' "
Empiregas, Inc. of Belle Mina v. Suggs, 567 So.2d 271,273 (Ala. 1990, quoting Central Alabama Elec. Co-op. v.Tapley, 546 So.2d 371, 381 (Ala. 1989).
The evidence, taken in a light most favorable to Smith, indicates that at the moment the accident occurred, he did not know that the driver was inside the vehicle while he was filling the tank. Mere heedlessness is insufficient to support a finding of contributory negligence as a matter of law.Empiregas, Inc., supra. We cannot say, based on the record, that Smith put himself in the way of a danger. Smith stated that he saw the driver outside the vehicle when he began to fill the tank. The question whether Smith had a conscious appreciation of the danger at the moment the accident occurred is a jury question. Therefore, we reverse the judgment and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and ADAMS, JJ., concur.
HOUSTON, J., dissents.