I must respectfully dissent. I believe the summary judgment was proper because the evidence shows, as a matter of law, that Roderick Halsey's death was caused by his own negligence and that the defendants had no duty to warn or otherwise protect Mr. Halsey.
Contributory negligence as a defense to an AEMLD action may be found as a matter of law:
 " 'In order to sustain a finding of contributory negligence as a matter of law, there must be a finding that the plaintiff put himself in danger's way, Mackintosh Co. v. Wells, 218 Ala. 260, 118 So. 276 (1928), and a finding that the plaintiff appreciated the danger confronted, Wilson v. Alabama Power Co., 495 So.2d 48 (Ala. 1986); Marquis v. Marquis, 480 So.2d 1213 (Ala. 1985); Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 (1972); Mackintosh Co. v. Wells, supra. Moreover, it must be demonstrated that the plaintiffs appreciation of the danger was a conscious appreciation at the moment the incident occurred. Marquis v. Marquis, supra; Elba Wood Products, Inc. v. Brackin
[356 So.2d 119 (Ala. 1978)]. Mere "heedlessness" is insufficient to warrant a finding of contributory negligence as a matter of law. Decatur Light, Power Fuel Co. v. Newsom, 179 Ala. 127, 59 So. 615 (1912).' "
 "Central Alabama Electric Co-op. v. Tapley, 546 So.2d 371, 381 (Ala. 1989), quoted in Smith v. U.S. Construction Co., 602 So.2d 349, 350-51 (Ala. 1992); Empiregas, Inc. of Belle Mina v. Suggs, 567 So.2d 271, 273 (Ala. 1990)."
Hicks v. Commercial Union Ins. Co., 652 So.2d 211, 219
(Ala. 1994); see also, Uniroyal Goodrich Tire Co. v. Hall,681 So.2d 126 (Ala. 1996); General Motors Corp. v. Saint,646 So.2d 564 (Ala. 1994); Campbell v. Cutler Hammer, Inc., 646 So.2d 573
(Ala. 1994); and Gulledge v. Brown Roo Inc., 598 So.2d 1325
(Ala. 1992).
I believe the defendant sufficiently established (1) that Mr. Halsey appreciated the danger associated with using the unauthorized extension;[3] and (2) that based upon that appreciation he was conscious of the danger that caused the accident at the moment the incident occurred. See Owens v.National Security of Alabama, Inc., 454 So.2d 1387 (Ala. 1984);Furgerson v. Dresser Industries, Inc., 438 So.2d 732
(Ala. 1983); Elba Wood Products, Inc. v. Brackin, 356 So.2d 119
(Ala. 1978); Kingsberry Homes Corp. v. Ralston, 285 Ala. 600,235 So.2d 371 (1970). Consequently, I believe the trial court properly entered the summary judgment on the grounds that Mr. Halsey was contributorily negligent as a matter of law.
Furthermore, as I understand the evidence, it is uncontradicted that Mr. Halsey used a padlock and a "keeper pin" to extend a chain that was being used to hold on a pole a platform on which he was working.
It is uncontradicted that Alabama Power Company (Mr. Halsey's employer) and the *Page 615 
manufacturer, Chance, had policies providing that theonly proper method for extending chains on platforms or pivot attachments was to use extension chains manufactured by Chance (or compatible extension chains manufactured by another company) and that Mr. Halsey used his own method of extending the chain. Even one of Mrs. Halsey's expert witnesses, Dr. Paul Packman, testified that "[t]he accident probably would not have taken place if Mr. Halsey had not used the keeper pin as part of the connector" to extend the platform. Five of Mr. Halsey's coworkers also agreed that it was obvious that the keeper pin could not hold the weight that would be placed upon it when it was used as part of a platform chain extension.
Although I recognize that a summary judgment is rarely appropriate in a negligence case, the facts and circumstances of this case convince me that the trial judge properly entered the summary judgment for the defendant based upon the defenses of contributory negligence and assumption of the risk.[4] I would affirm; therefore, I must respectfully dissent.
SEE, J., concurs.
[3] My conclusion is based on the evidence presented by the defendant (a) that the only extension authorized by the manufacturer is the extension chain it produces or an equivalent extension chain produced by another manufacturer, (b) that Alabama Power Company's policy specifies that the only proper extension method was to use one of these chains, (c) that Alabama Power Company maintained 50 to 100 of the proper extensions, and (d) that before the accident Mr. Halsey's crew leader had offered to show him the correct way to extend the chains, but Halsey declined the demonstration.
[4] See Casrell v. Altec Industries, Inc., 335 So.2d 128, 132-33
(Ala. 1976).