SEE, Justice
(dissenting).
I respectfully dissent from the order denying the petition for certiorari review of the Court of Civil Appeals’ decision. The plaintiff, Nina S. Mitchell, tripped over a coaxial television cable lying in her yard. Mitchell had telephoned Torrence Cablevision USA, Inc. (“Torrence”), for service six times during the four years preceding her accident. The service ticket for each call indicated that the “customer problem” was “bury cable”; however, Tor-rence failed to bury the cable.
After receiving her injury, Mitchell sued Torrence, stating claims of negligence and wantonness. Torrence moved for, and the trial court entered, a summary judgment on both claims. The Court of Civil Appeals affirmed as to the negligence count but reversed as to the wantonness count, stating:
“Torrence argues that because the cable was an open and obvious danger, the summary judgment was proper as to the wantonness claim. Torrence’s arguments are based upon business-invitee *1262 caselaw. We find no Alabama caselaw, other than those cases addressing business-invitee claims, in which courts have ruled against wantonness claims on these grounds. The facts presented in this case are distinguishable from those in a business-invitee claim.”
Mitchell v. Torrence Cablevision USA, Inc., 806 So.2d 1254, 1260 (Ala.Civ.App.2000). In other words, the Court of Civil Appeals’ reversal is based not on the existence of any caselaw to support a reversal, but on the absence of caselaw prohibiting it.
This Court has held that an invitee “cannot recover for negligence or wantonness if the [invitee’s] injury was caused by an open and obvious danger of which the [invitee] knew, or [of which the invitee] should have been aware.” Marquis v. Marquis, 480 So.2d 1213, 1215 (Ala.1985). The basis for invitor liability is the invitor’s superior knowledge of the danger that caused the invitee’s injury. Gray v. Mobile Greyhound Park, Ltd., 370 So.2d 1384 (Ala.1979); Tice v. Tice, 361 So.2d 1051 (Ala.1978). Absent superior knowledge — which is not present when the danger is known or obvious — the invitor is not liable.
Torrence did not have superior knowledge of the coaxial cable in Mitchell’s yard; I would grant Torrence’s petition for cer-tiorari review, to address an issue of first impression, namely, whether the “open and obvious” doctrine should apply to a case where the plaintiff has been injured by an open and obvious danger existing on his or her own property.
WOODALL, J., concurs.