# Decatur Light, P. & F. Co. *v.* Newsom.

### *Damages for Death from Electricity.*

(Decided April 11, 1912.   Rehearing denied June 29, 1912.
59 South. 615.)

1. *Parties; Amendment; Corporate Name.*—Plaintiff was properly permitted to amend his complaint by inserting the word "the" just before the word "Decatur."

2. *Negligence; Contributory Negligence; Heedlessness.*—Heedlessness is not the equivalent of contributory negligence.

3. *Same; Instructions.*—Where the evidence was sufficient to take to the jury the question of whether or not intestate was guilty of contributory negligence, it was proper to refuse to give the general affirmative charge for defendant, when asked on the theory that plaintiff was guilty of contributory negligence as a mater of law.

4. *Charge of Court; Undue Prominence.*—Charges asserting that if the jury believe the evidence the jury should find certain facts were properly refused not only as giving undue prominence to such facts, but as directing the jury to make certain findings from the evidence.

5. *Same; Invading Jury's Province.*—Where there was some evidence that the electric wires at the point of contact were defectively insulated, a charge that if the jury believed the evidence, they would find that the life of standard insulation is from six to twelve years and that the electric wire complained of had been in use only four years, was invasive of the province of the jury and properly refused.

6. *Same.*—Where under the evidence it was a question for the jury whether intestate had knowledge of the danger to be apprehended from touching a live wire which caused her death, a charge attempting to withdraw that question from the jury was properly refused.

7. *Electricity; Death; Instructions.*—A charge asserting that defendant was not liable if the intestate unnecessarily touched the telephone wire which was suspended across an electric wire, erroneously made the unnecessary touching of the wire negligence per se, and withdrew from the jury the issue of contributory negligence, and was properly refused.

8. *Same.*—A charge asserting that if the jury believed the evidence they would find that when intestate went out of the gate with a lamp about seven o'clock in the morning, she handled the wire, and that it was not charged with electricity, and that when she returned almost immediately afterwards, and took hold of the wire, and received the shock producing the injury complained of without negligence on the defendant's part, your verdict should be for defendant, was not only confused and unintelligible but gave undue prominence to particular evidence and required a special finding of facts by the jury.

9. *Same.*—A charge that "the fact, if you believe it to be a fact from the evidence, that plaintiff's intestate handled and moved said fallen wire on the night of June 23, 1908, and again on the morning of June 24, in going out of the gate, and to Mrs. H's, if she could see that same was across an electric wire, likely or known to be charged with electricity," was ungrammatical and without meaning.

10. *Same.*—Where the action was for death of plaintiff's intestate caused by touching a dangling telephone wire suspended across a charged electric wire, a charge asserting that defendant was not liable if the telephone was properly equipped and fastened, and defendant's wires properly equipped, and the injury was caused by the telephone wire falling across defendant's wire, and this "could not ordinarily have been inspected," excluded all consideration of defendant's negligence in the inspection and repair of its lines, and was fatally obscure and misleading in the use of the quoted words, which also refer to a matter not in evidence.

11. *Same.*—A charge that defendant was not liable if there was a sufficient passageway apparent to intestate through which she might go without touching the wire, and she could see that the wire was across an electric wire, and without knowing whether it was charged or not, gave undue prominence to certain facts, and did not correctly state the law of contributory negligence applicable to this case.

12. *Same.*—A charge asserting that intestate saw, or could have seen by the exercise of diligence, the suspended telephone wire across an electric wire, this was sufficient to put her on notice, took from the jury the determination as to the sufficiency of the facts to warn her of the dangerous character of the wire, and also charged as negligence intestate's failure to exercise diligence to discover an unknown danger.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by C. B. Newsom, as administrator, against the Decatur Light, Power & Fuel Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The theory of both plaintiff and defendant sufficiently appears from the opinion.

The following charges were requested by and refused to appellant:

(29) "If there is one individual juror who is reasonably satisfied from the evidence that the injuries to plaintiff's intestate was a proximate result of her taking hold of the suspended wire, and said wire was, at the time of the said taking hold of the same, suspended

across an electric wire, which was a live one, to be charged with electricity, and which was known to her, and she heedlessly took hold of same and thereby received injuries complained of, plaintiff cannot recover."

(31) "If you believe the evidence, you will find that it was not practicable nor customary to string guard wires at the place where the injury occurred, or places like situated and with like surroundings."

(41) "If you believe the evidence, you will find that the life and durability of standard insulation is from six to twelve years. You will further find, if you believe the evidence, that the electric wire complained of had been in service for a period of about four years."

(46) "If you believe the evidence, you will find that the machinery that furnished the arc current was not in operation at the time of the injury, and that no current was furnished from defendant's power house or generators to said arc wires at the time of the occurrence of said injury."

(47) "If you believe the evidence, you will find that the wires of defendant where the injuries occurred were its arc circuit wires, and that the current was cut off of said wires about 4 o'clock in the morning of the injury to intestate, and it was not again turned into said wires until after the injuries complained of."

Charges 51 to 56, inclusive, are that, if the jury believe the evidence, they will find certain facts to be true.

(40) The same as 41.

(21) "If you believe from the evidence that the intestate, unnecessarily touched the wire and received the injury and shock producing the injury, the defendant is not liable therefor."

(33) "The fact, if you believe it to be a fact from the evidence, that plaintiff's intestate handled and moved said fallen wire on the night of June 23, 1908, and again

on the morning of June 24th in going out of the gate, and to Mrs. Haralson, if she could see that the same was across an electric wire likely, or known by her to be, charged with electricity."

(36) "If you believe the evidence, you will find that when intestate went out of the gate with a lamp about 7 o'clock in the morning, she handled the wire and it was not charged with electricity, and that when she returned almost immediately afterwards and took hold of the wire and received the shock producing the injury complained of, without negligence on defendant's part, your verdict should be for the defendant."

(39) "If you believe from the evidence that the telephone was properly equipped and fastened, and that defendant's wires were properly equipped at Third avenue and Prospect drive, and that the injury complained of was caused by the telephone wire falling across defendant's wire, and that this could not ordinarily have been inspected, the defendant is not liable for injuries resulting therefrom."

(42) "If you believe from the evidence that the suspended telephone wire was about two feet from the front gate of the plaintiff, and that there was space between the gate and the wire for plaintiff's intestate to have passed between it and the fence in safety, and that was apparent to her, and that she could see that the wire was across an electric wire and without knowing whether said electric wire was charged or not with electricity she took hold of same and received the shock which produced the injuries, the defendant is not liable therefor."

(43) "If you believe from the evidence that intestate saw, or could have seen by the exercise of diligence, the suspended telephone wire across an electric wire, this, in and of itself, was sufficient to put her on notice of

danger; and if she carelessly and unthoughtedly and inadvertently took hold of said wire, and thereby received injuries, the defendant is not liable therefor."

EYSTER & EYSTER, for appellant. The court erred in permitting the amendment to the complaint.—*Rarden Merc. Co. v. Whiteside,* 145 Ala. 617; *Steiner Bros. v. Stewart,* 134 Ala. 568; *Davis Ave. R. R. Co. v. Mallon,* 57 Ala. 168; *Wes. Ry. v. McCall,* 89 Ala. 375; *Dougherty v. Powe,* 127 Ala. 577. Counsel discuss the charges refused, and insist that they were error, but cite no authority in support of their contention.

HARSH, BEDDOW & FITTS, for appellee. The court properly allowed the amendment.—Sec. 5367, Code 1907; *S. A. M. v. Buford,* 106 Ala. 303; *Singer M. Co. v. Greenleaf,* 100 Ala. 277; *Lewis L. Co. v. Camody,* 137 Ala. 578; *Wes. Ry. v. Sistrunk,* 85 Ala. 352. Appellant's insistence as to the evidence and certain refused charges is not sufficient to authorize this court to review them.—*Tutwiler C. C. & I. Co. v. Enslen,* 129 Ala. 346. Counsel discuss the charges, but without further citation of authority.

SOMERVILLE, J.—Plaintiff's intestate, a girl 18 years of age, was killed by contact with a telephone wire charged with electricity. The wire had been disconnected at the service end, which end was firmly attached to a telephone post. During a severe wind and rain storm, this dead end became detached, and the wire fell across the service wires of the defendant company, which it crossed several feet above at right angles, and the loose end dangled down across the gateway entering the premises of intestate's home. This occurred about 10 o'clock p. m. About 7:15 o'clock next

morning, the intestate had occasion to go through the gate on a neighborhood errand, and then pushed the wire aside without harm. On returning a few moments later, she again caught the wire, which was too low to pass freely under, and received the fatal shock.

One of the plaintiff's witnesses testified that the insulation of defendant's wire at the point of contact with the telephone wire was worn off or defective. The defendant's witnesses testified that the wire was in perfectly good condition in this respect, and that the construction, equipment, and use of defendant's system at this point and elsewhere was safe and proper, and in accordance in all respects with the best equipped and managed systems of other light companies in other cities.

The defendant's witnesses, chiefly employees or expert linemen or electricians, testified that the storm raged between 9 and 10 o'clock p. m., and was of unusual severity; that trouble was in consequence expected with the wires; and that about 7 o'clock next morning a force of men were started out to examine the wires and repair breaks, when found; and that these were engaged in this work at the time the intestate was killed. The defendant pleaded the general issue, and also contributory negligence on the part of plaintiff's intestate.

The evidence was quite voluminous, and, on its various phases, a large number of written charges were requested by the defendant, some 30 of which the court refused to give, and these rulings make up the bulk of the assignments of error.

The original complaint described the defendant as "Decatur Light, Power & Fuel Company, a corporation." Against the defendant's objection, the plaintiff was allowed to amend by correcting the name of the

defendant so as to make it read "The Decatur Light, Power & Fuel Company," etc. This amendment was properly allowed, and needs no argument for its vindication.—*Singer Mfg. Co. v. Greenleaf*, 100 Ala. 273, 14 South. 109; *S. A. & M. Ry. v. Buford*, 106 Ala. 303, 17 South. 395; *Lewis Lumber Co. v. Camody*, 137 Ala. 578; 35 South. 126; *Caldwell v. Br. Bank of Mobile*, 11 Ala. 549.

Refused charges 10, 12, 18, 23, 31, and 50 are substantially and fully covered by written charges 4, 5, 6, 7, 8, 9, 11, 14, 15, 17, 19, 24, 48, 32, 35, and 37, given at the request of the defendant, and we need not consider their merits.

Refused charge 30 is fully covered by written charge 48, given at the request of the defendant.

Refused charge 29 is faulty in hypothesizing *heedlessness* as the equivalent of contributory negligence. Charge 27, given at the request of the defendant, correctly states the law on this subject.

Refused charge 34 is fully covered by written charges 27 and 44, given at the request of the defendant.

Refused charges 31, 41, 46, 37, and 51, to 56, inclusive, each instructed the jury merely *to find* a certain fact. These charges were objectionable, because they gave undue prominence to the several facts referred to; but, more especially, because parties have no right to require the jury to merely return a series of special findings of this sort thus already predetermined by the court. If the evidence is without dispute upon a particular point involved in the main issue, its legal effect should be stated to the jury, in so far as it may be decisive of the issue, when requested in writing in the proper form; or, in charging the law applicable to the case, such undisputed facts may be assumed to be proven. The jury may, and indeed must, find one or

more facts as the basis of every verdict; but such findings need not and should not be formal and distinct. It is enough that they find a verdict expressive of the facts as determined from the whole evidence. These charges, if given, would have imposed upon the jury the duty of registering nine special findings of evidence merely—a practice not to be tolerated, and certainly never authorized by law. At common law, instead of a general verdict, the jury might, at their discretion, return a special verdict finding all the material facts essential to a judgment to be rendered thereon by the court; but they could not be directed to do so.—29 A. & E. Enc. Law, 1028.

Refused charge 40 is also subject to the objections just stated; and, there being some evidence that the defendant's wires at the point stated were defectively insulated, it invaded the province of the jury.

Refused charge 21 makes an *unnecessary* touching of the wire by the intestate negligence *per se*. This is plainly an improper test, and the charge also invades the province of the jury on the issue of contributory negligence.

Refused charge 26 is argumentative and confused. It also requires the jury *to find* several special facts. And, again, it attempts to withdraw from the jury the question of the intestate's knowledge of the danger to be apprehended from touching the wire, which, on the evidence, was a jury question.

Refused charge 36 is confused and unintelligible. It also gives undue prominence to particular parts of the evidence, and requires special findings of several facts.

Refused charge 33 is incomplete in its grammatical structure and obscure in its meaning. In fact, it has no meaning as framed.

Refused charge 39 is faulty in excluding all consideration of the negligence vel non of the defendant as to its inspection and repair of its lines after the storm; that is, whether such inspection and repairs were made with due promptness under the circumstances shown. It is also fatally obscure and misleading in its reference to a fact not in evidence, viz., that the telephone wire falling across defendant's wire "could not ordinarily have been inspected (?)."

Refused charge 42 gives undue prominence to certain facts, is argumentative, and is not a correct statement of the law of contributory negligence as applicable to this case.

Refused charge 43 invades the province of the jury as to the sufficiency of the facts in evidence to warn the intestate of the dangerous character of the wire. It also erroneously charges as negligence her failure to exercise diligence to discover an unknown danger.

Refused charge 11, which is the general affirmative charge, is argued only upon the theory that the intestate was guilty of contributory negligence as a matter of law. Unquestionably this issue was one of fact to be determined by the jury on the whole evidence, and it was properly refused.

We have carefully examined and considered the refused charges in the light of the evidence before the court, and are satisfied that their refusal was without prejudice to the defendant.

It may be that the verdict was opposed to the overwhelming weight of the evidence; but that question is not raised by this appeal.

Affirmed.   All the Justices concur.