# Miller Grain & Commission Co. *v.* Lookout Refining Company.

### Assumpsit.

#### (Decided January 9, 1917.   73 South. 757.)

1. **Parties; Amendment; Misnomer.**—Where the complaint was against the corporation defendant, the adding by way of amendment of the word "incorporated" after the corporation name did not work a complete change of parties, but merely corrected an inaccuracy or misnomer.

2. **Same.**—There is a distinction between the amendment to a pleading which correctly describes the corporation but inaccurately names it, and the changing in the pleading to an entirely different party.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN S. MILLER.

Action by Lookout Refining Company against the Miller Grain & Commission Company, incorporated.   Judgment for plaintiff and defendant appeals.   Affirmed.

R. B. KELLY, for appellant.   THOMPSON & THOMPSON, for appellee.

EVANS, J.—The several assignments of error relate to but a single question, to wit:   Did the amendment of the complaint work a complete change of the party defendant?   The insistence of appellant in the affirmative is obviously without merit.

(1) The complaint as originally filed sued the "Miller Grain & Commission Company, a corporation, defendant."   By amend-

[Providence Life & Accident Insurance Co. v. Black.]

ment the word "Incorporated," was added just after the word "Company" as part of the defendant's name. The amendment merely corrected an inaccuracy or misnomer.

(2) In *Savannah, A. & M. Ry. v. Buford*, 106 Ala. 303, 310, 17 South. 395, 397, BRICKELL, C. J., observed: "It seems to us it is quite an error to suppose that the mere change of the name of a party, natural or artificial, though such party may be a sole plaintiff or defendant, can be an entire change of parties; * * * 'that there is a well-marked distinction between a misnomer which incorrectly names a corporation, but correctly describes it, and the statement in the pleading of an entirely different party.'"

See, also, *Singer Mfg. Co. v. Greenleaf*, 100 Ala. 272, 14 South. 109; *King Land & Imp. Co. v. Bowen*, 7 Ala. App. 462, 61 South. 22; *Decatur Lt., P. & F. Co. v. Newsom*, 179 Ala. 127, 59 South. 615.

Suppose the caption of the original complaint had left out the words "a corporation," which were merely descriptio personæ, and was silent as to whether the entity sued was a corporation or a partnership name; it would have been altogether proper to have amended by showing that the entity sued was a corporation.—*Stowers Furniture Co. v. Brake,* 158 Ala. 639, 48 South. 89.

We are not impressed that the contention of appellant is meritorious, and the judgment below is accordingly affirmed.

Affirmed.