348

55 So.2d 758

## HERRINGTON v. CITY OF EUFAULA.
### 4 Div. 204.

Court of Appeals of Alabama.
Dec. 18, 1951.

J. Hubert Farmer, Dothan, for appellant.

Archie I. Grubb, Eufaula, for appellee.

CARR, Presiding Judge.

The plaintiff below brought suit against the City of Eufaula on common counts for money had and received.

The defendant interposed pleas in abatement. Demurrers were interposed separately and severally to these pleas. These demurrers were overruled by the court. After the introduction of the evidence in support of the pleas, the court rendered judgment in favor of the defendant on the pleas in abatement.

The only question presented on this appeal is a review of the action of the trial judge in overruling the indicated demurrers.

The review is predicated on this assignment of error: "The Court erred in

overruling plaintiff's demurrers to defendant's plea in abatement."

This assignment is too general to invite a review of the demurrers to each separate plea unless all of the pleas in abatement are bad. Roach v. Wright, 195 Ala. 333, 70 So. 271.

In brief of counsel prime emphasis is directed to the contention that plea number one is insufficient. The plea is: "1. That plaintiff cannot maintain this suit in this Court for that at and prior to the time of the filing and institution of said cause, there was and is yet pending in this Court undisposed of an action wherein plaintiff is appellant and defendant is appellee and wherein the same subject matter is involved, wherein a final judgment would be conclusive and decisive between the parties and operate as a bar to the prosecution of this suit."

The first and second grounds of the demurrers are general in nature. The other two are as follows:

"3. Said plea is a multiple plea in bar, and not a plea in abatement.

"4. The matters and things (s)et up in said plea are in bar to the prosecution of said cause rather than in abatement thereof."

■ In this review we are not authorized to consider an objection to the sufficiency of the plea which is not distinctly pointed out and stated in the demurrer. Title 7, Sec. 236, Code 1940.

■ Title 7, Sec. 146, Code 1940 provides: "No suitor is entitled to prosecute two actions in the courts of this state at the same time, for the same cause and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former is a good defense to the latter, if commenced at different times."

This is a reenactment of the common law. Alabama Power Co. v. City of Scottsboro et al., 238 Ala. 230, 190 So. 412.

■ The purpose of the law is to prevent unnecessary and vexatious litigation. However, the right to plead the pendency of another suit is not available unless the judgment which would be rendered in the prior action would be conclusive between the parties and operate as a bar to the latter. 2 Ala. Digest, Abatement and Revival, ☞4–17, inclusive.

■■ Pendency of a former suit for the same cause of action can be availed of as a defense only by plea in abatement. Holley v. Younge, 27 Ala. 203.

It is evincingly clear that as against the demurrers interposed the plea is sufficient.

The judgment below is due to be affirmed. It is so ordered.

Affirmed.