171 So.2d 105

Rebecca WILLIAMS

v.

Barbara COLLE et al.

I Div. 249.

Supreme Court of Alabama.

Jan. 21, 1965.

Diamond & Lattof, Mobile, for appellant.

Tonsmeire & McFadden, Mobile, for appellees.

MERRILL, Justice.

Appeal from a judgment sustaining the defendants'-appellees' plea in abatement to plaintiff's-appellant's complaint for damages for personal injuries.

The appeal comes to us on an agreed stipulation of facts which follow:

"Rebecca Williams, represented by attorney Jack Sprinkle filed an action against Madeline Ery in the Circuit Court of Mobile County, Alabama, on August 31, 1962, being case No. 8162. The complaint was never served on the Defendant but was returned marked 'Defendant not found'. This case is still on the docket and has not been dismissed or non-suited. This suit was for damages for personal injuries allegedly sustained by Rebecca Williams on the 15th day of May, 1962, and claimed damages in the amount of $50,-000.00.

"Madeline Ery died March 29, 1963, and on April 22, 1963, her two neices, Barbara Colle and Elsie Colle were appointed as her Executrices.

"No further proceedings were had with regard to Case No. 8162 filed on August 31, 1962, by Rebecca Williams against Madeline Ery nor was any revival of Case 8162 undertaken. The case remains on the docket without service of any kind.

"On May 10, 1963, Rebecca Williams, represented by attorney Ross Diamond, filed suit against Barbara Colle and Elsie Colle as Executrices of the estate of Madeline Ery, deceased, said suit being filed in the Circuit Court of Mobile County, Alabama, Case No. 9985. This suit is for damages for personal injuries allegedly sustained by Rebecca Williams on the 13th day of May, 1962, and claims damages in the amount of $25,000.00. Service was had upon the two Defendants in case No. 9985. On or about May 29, 1963 a Plea in Abatement was filed by Barbara Colle and Elsie Colle as Executrices of the estate of Madeline Ery, deceased alleging that there was pending in this court a prior action filed by the Plaintiff against Madeline Ery wherein the same subject matter and cause of action was involved. The prior action referred to in said Plea in Abatement was Case No. 8162 previously referred to.

"It is agreed between the parties hereto that Case No. 8162 and Case No. 9985 involve the same subject matter and cause of action.

"The parties agree that the issue to be decided by the Court is whether or not Case No. 8162 constitutes a prior pending action within the meaning of Title 7, Section 146 of the Code of Alabama."

**400**

Title 7, Section 146, provides:

"No suitor is entitled to prosecute two actions in the courts of this state at the same time, for the same cause and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former is a good defense to the latter, if commenced at different times."

Appellant argues that Tit. 7, § 146, is a verbatim copy of the Georgia Statute, Sec. 3–601, Code of Georgia; and since the Georgia courts have held that the mere filing of a petition, without service, is not sufficient to constitute a pending suit, McClendon & Co. v. Hernando Phosphate Co., 100 Ga. 219, 28 S.E. 152; Kirby v. Johnson County Savings Bank, 12 Ga.App. 157, 76 S.E. 996, and since "the Georgia statute was imported with such accretions by way of judicial decision as it had acquired in Georgia," Ex parte Dunlap, 209 Ala. 453, 96 So. 441, the trial court erred in holding that the original suit was a pending action.

We could agree with this contention if our statutes were silent on this point. But our statutes clearly enunciate a different rule to that of the Supreme Court of Georgia. Tit. 7, § 182, Code 1940, provides:

"All civil actions in courts of record, except in such cases as are otherwise provided by this Code, must be commenced by the filing of the summons and complaint or other statement of plaintiff's cause of action."

This section replaced Sec. 9414, Code 1923, which was in accord with the Georgia holding. Section 9414 read:

"All civil actions in courts of record, except in such cases as are otherwise provided by this Code, must be commenced by the service of summons."

Title 7, § 43, Code 1940, provides:

"The filing of the complaint, bill of complaint, or other statement of plaintiff's cause of action, in the office of the clerk or register of the circuit court, or other ministerial office of courts of like jurisdiction, shall constitute the commencement of suit."

Prior to 1903, Sec. 43 had provided that the "suing out of a summons is the commencement of a suit," but even in 1920, this court held that the filing of a suit in the office of the circuit clerk intercepted the statute of limitations, though summons was not issued until after the time of limitations had expired. Horn v. Pope, 205 Ala. 127, 87 So. 161.

In Penney v. Speake, 256 Ala. 359, 54 So. 2d 709, where the suit was filed but service was never had on the defendants, we said that although summons and complaint had not been served on the defendants (Penney) at the time of their death, the suit against them was pending at that time.

Under our statutes and decisions, we must hold that a suit which had been properly filed is a pending suit, and that the trial court correctly sustained the plea in abatement.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.