209 So.2d 221

**REDSTONE LAND & DEVELOPMENT COMPANY, Inc.**

v.

**Carroll W. BOATWRIGHT et al.**

**8 Div. 131.**

Court of Appeals of Alabama.

March 19, 1968.

**364**

---

Smith & Huckaby, Huntsville, for appellant.

Culver & Miller, Huntsville, for appellees.

JOHNSON, Judge.

Appellees (plaintiffs below) sued appellant (defendant below) for damages arising from a breach of warranty in the Circuit Court of Madison County, Alabama. A trial by jury was had and a verdict was returned in favor of the appellees in the amount of $1,000.00. Judgment was entered by the court accordingly. Hence, this appeal.

The record contains the following stipulation of facts:

"On the 2nd day of June, 1964, the plaintiffs in this cause filed their suit against the defendant, Redstone Development Company, Inc., a corporation, No. 12,953, said suit being served by leaving a copy of the complaint and summons with Marjorie Thomason, an agent of Redstone Development Company, Inc., on the 15th day of June, 1964. The said Majorie Thomason at that time was an agent of the Redstone Land & Development Company, a corporation, the defendant in this suit. The complaint in Case No. 12,953 contains two counts and said counts are identical with the counts set out in this suit numbered 13,285.

"On the 25th day of June, 1964, the Redstone Land & Development Company, a corporation, appearing specially in Case No. 12,953, filed its plea in abatement, setting up that there was a misnomer of the party defendant in that cause and that the defendant corporation

was not, and had never been, known as 'Redstone Development Company, Inc., its true name being Redstone Land & Development Company.' "

The record further reflects that on October 22, 1964, plaintiffs (appellees) filed their complaint in this cause and that on November 30, 1964, the defendant (appellant) filed its plea in abatement, which states as follows:

"Comes the defendant, Redstone Land & Development Company, Inc., a corporation, and for plea in abatement to this cause says that this cause should be abated for that at the time of the filing and institution of said cause, there was pending in this court a suit filed by the said Carroll W. Boatwright and Quida K. Boatwright, plaintiffs, against said defendant, Redstone Land and Development Company, a corporation, wherein the same subject matter and cause of action was involved.

"Whereof the defendant prays the judgment of this court that said summons and complaint be quashed, and said cause abated."

On August 13, 1965, the plaintiffs moved to dismiss cause numbered 12,953, and an order was entered by the court dismissing same and taxing the costs therein against the plaintiffs.

Subsequently, appellant's plea in abatement filed in this cause was overruled and appellant assigns as error the trial court's ruling thereon.

Tit. 7, Sec. 146, Code of Alabama, 1940, states the following:

"No suitor is entitled to prosecute two actions in the courts of this state at the same time, for the same cause and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former is a good defense

to the latter, if commenced at different time."

■ Herrington v. City of Eufaula, 36 Ala.App. 348, 55 So.2d 758, states that "the purpose of the law is to prevent unnecessary and vexatious litigation."

■ In order for a plea in abatement setting up the pendency of a former suit to be sufficient, the parties to the two suits must be the same. Ex parte Adams, 216 Ala. 241, 113 So. 235; Interstate Chemical Corp. v. Home Guano Co., 199 Ala. 583, 75 So. 166.

In Kaplan v. Coleman, et al., 180 Ala. 267, 60 So. 885, the Supreme Court of Alabama, speaking through Mr. Justice, Summerville, stated in part as follows:

"A plea in abatement because of another suit pending bears a strong analogy to a plea of res judicata, and a fair test of its sufficiency is whether a final judgment or decree in the prior suit would be conclusive between the parties and operate as a bar to the second. Foster v. Napier, 73 Ala. 595, 604. And to be sufficient to abate the second action entirely, a final judgment or degree, when rendered in the first, must be good as a bar to the entire second action."

In the case at bar the cause of action filed by the appellees was the same as that filed in the first suit. Also, the facts show that the first suit filed by appellees was still pending when appellant filed its plea in abatement in this case.

The question which we must decide is whether or not appellant was a "party" to the first cause of action, thereby satisfying the requiring of having the same "parties" in both suits. Interstate Chemical Corp v. Home Guano Co., supra.

Appellees contend that as appellant appeared specially in the first cause to file its plea in abatement, setting up the misnomer, and that as appellant never voluntarily appeared before the court or submitted to the court's jurisdiction, appel-

lant could not be considered a party to the first cause.

Appellant contends that the parties are the same; that by filing its plea in abatement the appellant gave the appellees a better writ; and that appellant was still before the court in both cases when the plea in abatement to the second suit was filed.

We are of the opinion that appellant was a party to the first cause of action filed by appellees; and that if appellees had amended their complaint to read correctly there would have been no change of parties.

 Whether an amendment would work a change in parties is a question of fact for the court to determine. Springer v. Sullivan, 218 Ala. 645, 119 So. 851.

The Supreme Court of Alabama, in Savannah, A. & M. Ry. v. Buford, 106 Ala. 303, 17 So. 395, stated:

"It seems to us, it is quite an error to suppose that the mere change of the name of a party, natural or artificial, though such party may be a sole plaintiff or defendant, can be an entire change of parties. It was very properly observed in Smith v. Plank-Road Co., supra, in which there was, by amendment, a correction of a misnomer of a corporation,—the sole party plaintiff,—'that there is a well-marked distinction between a misnomer which incorrectly names a corporation, but correctly describes it, and the statement in the pleading of an entirely different party.' "

See also Miller Grain and Commission Co. v. Lookout Refining Co., 15 Ala.App. 436, 73 So. 757; King Land & Improvement Company v. Bowen, 7 Ala.App. 462, 61 So. 22.

 Although its name was incorrect in the complaint, appellant was in fact a party to the first cause of action. Had that cause of action gone to a final judgment, it would have been res judicata, a bar to the bringing of another suit on the same cause between the same parties. Tarleton v. Johnson, 25 Ala. 300, 60 Am.Dec. 515.

This is the type of unnecessary and vexatious litigation which the statute was intended to prohibit. Herrington v. City of Eufaula, supra.

We conclude, therefore, that the lower court committed error in holding "insufficient" appellant's plea in abatement. Therefore, the judgment in this cause is due to be reversed and the cause remanded.

Reversed and remanded.

CATES, Judge (dissenting).

I think the trial judge was eminently correct in overruling the plea in abatement grounded on a prior action pending. The Alabama doctrine of ignoring a subsequent dismissal of the first suit has no application here.

By virtue of a special appearance and a plea in abatement for misnomer without amendment of the complaint and summons and service of process, the circuit court had no jurisdiction of the defendant in the first suit.[1] Or, put another way, until the plaintiff accepted the "better writ," the defendant was estopped from asserting that it was a party to the first suit. Corporate names especially of "new" corporations must be averred, as Coke says, idem nomen syllabis. Mayor of Lynn Regis Case (1612), 10 Co.Rep. 120.

Our general corporation law allows an incorporating group to chose its own aggregate name. Certainly, precision in pleading a corporate name should be desirable if only to furnish the sheriff with the correct appellation for the purpose of execution of process and, if need be, of

---

1. Williams v. Colle, 277 Ala. 398, 171 So. 2d 105, is clearly distinguishable since misnaming of the defendant was not pleaded therein.

judgment. Culpeper Ag. & Mfg. Soc. v. Digges, 6 Randolph (Va.) 165. See also 1 Bl.Com. 474.

The rule of Interstate Chemical Corp. v. Home Guano Co., 199 Ala. 583, 75 So. 166, has a very narrow scope. In Alabama Power Co. v. City of Scottsboro, 238 Ala. 230, 190 So. 412, Foster J., said:

"In view of such an array of modern authority against our case of Interstate Chem. Co. v. Home Guano Co. [199 Ala. 583, 75 So. 166], we would not be willing to extend it beyond what is there held.

"The former suit here had been dismissed and an appeal had been taken by giving security for costs. This may have been a supersedeas, but the only matter to supersede was execution for the costs.

"We take judicial notice that the appeal has now been disposed of by affirming the decree dismissing that suit on a formal deficiency of pleading, but without prejudice to the right to file another suit. Why the necessity of being forced to dismiss the present suit so as to have the privilege of immediately filing it again? The courts are not here to enforce the frivolous technicalities which have no fixed basis in our jurisprudence. * * *"

I think it a fair conclusion to state that the first suit was not between the same parties because there was no defendant[2] to it. Therefore, § 146 of T. 7 would not apply.

This reasoning is strict but its exigence is not oppressive in the light of the Supreme Court's mandate in Alabama Power Co. v. City of Scottsboro, quoted above. The defendant, in the words of the Kentucky Court of Appeals, "was striving, by dilatory pleas, which are not to be

2. I have not gone into the difference between nul tiel corporation and misnomer of a would be corporate defendant. Sou. Cement Co. v. Patterson, 271 Ala. 128,

favored, to defeat [plaintiff's recovery.]" Frogg's Ex'rs v. Long's Adm'r, 3 Dana 157.

Every day's delay carves into time before the Statute of Limitations could bar recovery. I think the judgment below should be affirmed.

122 So.2d 386; Woodmen of the World v. Maynor, 206 Ala. 176, 89 So. 750; Sou. Ry. Co. v. Hayes, 183 Ala. 465, 62 So. 874.