WRIGHT, Presiding Judge.
Plaintiff H. L. Raburn & Company filed this action in Montgomery County Circuit Court against the defendants Massey-Drau-ghon Business College and Carlos B. Harbi-son to recover $5,906.06, alleged to be due for work and labor done. Plaintiff had previously filed a separate action in Jefferson County Circuit Court against Educational Consultants, Inc. and Carlos B. Har-bison to recover $49,344.99 for work and labor done.
On November 15, 1979, Massey-Drau-ghon and Carlos Harbison filed a motion to dismiss in Montgomery County Circuit Court based on the pendency of the prior action. Upon determining that the money claimed in the suit before it was part of the $49,344.99 claimed in the prior suit, the trial court granted defendants’ motion pursuant to § 6-5-440, Code of Alabama (1975). Plaintiff appeals.
Section 6-5-440 as pertinent states:
No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party.... [A]nd the pendency of the former is a good defense, to the latter if commenced at different times.
In order for the defense of the pendency of a prior action to be sufficient, the parties to the two suits must be the same. Redstone Land & Development Company v. Boatwright, 44 Ala.App. 363, 209 So.2d 221 (1968). This defense bears a strong analogy to a defense based on res judicata, and a fair test of its sufficiency is whether a final judgment in the prior suit would be conclusive between the parties and operate as a bar to the second. Smith v. Charles E. Jay & Co., Inc., 292 Ala. 513, 296 So.2d 885 (1974); Bell v. Jones, 223 Ala. 497, 136 So. 826 (1931); Kaplan v. Coleman, et al., 180 Ala. 267, 60 So. 885 (1912).
A valid judgment in the prior suit would operate as a bar to the second if the parties, or those in privity with them, are identical in both suits and the same cause of action is involved in both suits. Betty Abel, as Administratrix of the Estate of Irene Dickie Waters, Deceased v. Donald Waters, 373 So.2d 1125 (Ala.Civ.App.1979).
In this case the cause of action in the first suit was the same as that in the second. The money claimed in the second suit is part of the amount claimed in the first.
The question for this court is whether the parties in the two suits are identical so that a judgment in the first would be conclusive as to the parties in the second.
Harbison is a party to both suits and a judgment in the first suit would be conclusive as to the plaintiff’s right to recover against him. The dismissal as to Harbison was therefore proper.
However, a judgment in the first suit would not, necessarily be conclusive as to Massey-Draughon. Massey-Draughon is not a party to the first suit. Neither is it apparent from this record that Massey-Draughon is in privity with any of the parties in that suit.
Defendants have argued in brief that to allow the second suit to continue creates the possibility of double recovery or inconsistent verdicts, and is against the policy of the Alabama Rules of Civil Procedure. We would point out that the Rules have provided remedies for a party in the position of the defendants in the first suit. See Rule 21; Rule 12(b)(7) and Rule 14, ARCP. The possibility of double recovery or inconsistent verdicts may also be removed by the simple device of a continuance in the second suit until the conclusion of the first. Smith v. Charles E. Jay & Co., Inc., supra.
The defense of a prior action pending is not available to defendant Massey-Draughon. The dismissal of this action as to the defendant Carlos B. Harbison is affirmed. The dismissal as to the defendant Massey-Draughon Business College, Inc., is reversed and remanded.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur.