TAYLOR, Judge.
Hosea Moore had pending before this court an appeal of an earlier petition for writ of habeas corpus when he filed this petition. The first habeas corpus petition alleged that his prison disciplinary hearing, resulting in loss of “good time,” was improperly conducted. Petitioner contends that his requested witnesses were not present at the hearing and that the disciplinary committee’s finding and reasons were inadequately stated. The alleged grounds for the second habeas corpus petition appear to be that in connection with the same disciplinary proceeding, the disciplinary board improperly decided not to restore petitioner’s good time after the petitioner’s work supervisor recommended that such good time be restored. We conclude that the two petitions relate to the same order depriving him of accumulated good time, but that they are based on entirely different grounds.
The state moved to dismiss the second petition for writ of habeas corpus upon the sole ground that an appeal of the first petition was still pending. The circuit court granted the state’s motion and dismissed the petition.
The question presented is whether the pendency of a previous petition for writ of habeas corpus prohibits the court from hearing a subsequent writ of habeas corpus.
Habeas corpus is a civil remedy. Woods v. State, 264 Ala. 315, 87 So.2d 633 (1956); Postconviction Remedies in Alabama, 29 Ala.L.Rev. 617 at 621 (1978). Appeal from the granting or denying of a petition for writ of habeas corpus, however, is to the Court of Criminal Appeals. Code of Alabama 1975, § 12-3-9.
Section 6-5-440, Code of Alabama 1975, provides that “No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case ... the pendency of the former is a good defense to the latter if commenced at different times.” The purpose of this statute is to prevent unnecessary and vexatious litigation. Redstone Land and Development Company v. Boatwright 209 So.2d 221, 44 Ala.App. 363 (1968).
The right to plead the pendency of another action is not available unless the judgment which would be entered in the prior action would be conclusive between the parties and would operate as a bar to the later action. Herrington v. City of Eufaula, 36 Ala.App. 348, 55 So.2d 758 (1951); H.L. Rabum & Co. v. Massey-Draughon Business College, 388 So.2d 1225 (Ala.Civ.App.1980); Priest v. Chenault, 239 Ala. 209, 194 So. 651 (1940). Granting of a petition for writ of habeas corpus might or might not be conclusive as between the parties. Conceivably, a prisoner might petition for writ of habeas corpus to attack his conviction of the crimes for which he was imprisoned. The result of this petition, if favorable to him, might be his outright and, so, conclusive release. However, he might also use the petition for writ of habeas corpus to challenge the deprivation of accumulated good time resulting from his breaking prison rules. In this instance, the judgment entered logically would not bar the inmate’s challenge of his initial conviction. The actions would not be, in the language of the statute, “for the same cause.”
When a petitioner has pending before any court of this state a petition for writ of habeas corpus or an appeal from a denial of such petition, a subsequently filed petition for writ of habeas corpus for the same cause, may not be entertained and should properly be dismissed pursuant to § 6-5-440, Code of Alabama 1975. Our authorities hold that a judgment in the case of a petition for writ of habeas corpus is not res judicata where a later petition is based on a new ground. Stinson v. State, *1062 43 Ala.App. 27, 179 So.2d 94 (1965); Gurley v. State, 42 Ala.App. 551, 171 So.2d 461 (1975); Magee v. State, 42 Ala.App. 71, 152 So.2d 443 (1963); Allen v. State, 42 Ala.App. 9, 150 So.2d 399, cert. denied, 275 Ala. 691, 152 So.2d 439, cert. denied, 374 U.S. 854, 83 S.Ct. 1922, 10 L.Ed.2d 1074 (1963). Goodwin v. Holman, 361 F.2d 403 (5th Cir.1966). This reasoning is in accordance with the principles set forth in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).
This court made a final determination adverse to the petitioner on his first habeas corpus petition, after this current habeas corpus petition was filed. This court’s decision on the first petition has not been taken to the Supreme Court for review. Therefore, this petition may now be filed with the court below, because it is based on a new ground and because petitioner now has no other habeas corpus petition pending before any court.
The trial court was correct and did not err in dismissing this habeas corpus petition, because at the time of its decision the first habeas corpus petition was pending before this court. Accordingly, we affirm the trial court’s dismissal.
AFFIRMED.
All the Judges concur.